# Court of County Revenue of Franklin County *v.* Town of Russellville.

*Mandamus to Compel Commissioners' Court to Pay City Pro Rata of Road Tax.*

(Decided April 4, 1912.   58 South. 253.)

*Highways; Taxation; Distribution.*—As to special road taxes collected under section 215, Constitution 1901, Acts 1909, p. 304, is inoperative, said act applying only to a division of the general fund for road tax.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Petition by the town of Russellville for mandamus against the court of county revenue of Franklin county, and the members thereof to require them to pay over to the town certain portions of a special levy made for roads and bridges. From a judgment granting the

**610**          SUPREME COURT          **[Vol.**

prayer of petitioners respondents appeal. Reversed and rendered.

W. H. KEY, for appellant. The levy was a special levy, and the taxes gathered was a special tax for the roads and bridges of the county, and the fund thus raised could not be diverted from its purpose.—Sec. 215, Constitution 1901; *Board of Revenue of Jefferson County v. State ex rel. City of Birmingham,* 54 S'outh. 757; *Commissioners' Court of Pike County v. City of Troy,* 56 South. 131.

WILLIAMS & JONES, for appellee. Roads and streets are synonymous.—*McCain v. State,* 62 Ala. 138; *Webb v. City of Demopolis,* 95 Ala. 116. The money was collectable under section 1335, Code 1907.—*Bd. Rev. Jefferson County v. City of Birmingham,* 54 South. 757.

SIMPSON, J.—The petition in this case was filed by the town of Russellville, the appellee, for a writ of mandamus to compel the court of county revenue, appellant, to pay over to said petitioner its legal share of the amount collected under a special levy for roads and bridges. It appears, from the petition and the admission of the parties, that a special levy was made, under section 215 of the Constitution, of 1901, for roads and bridges, by the court of county revenue; and it is a part of this fund which it is sought to have paid over to the town of Russellville, under the act of 1909 (Acts 1909, p. 304).

This court has previously fully considered this matter, and has held that where the levy is a special one, under said section of the Constitution, the Legislature is without authority to have a portion of the money realized from said tax paid over to municipal authorities.

—*Board of Revenue of Jefferson County v. State ex rel. City of Birmingham,* 172 Ala. 138, 54 South. 757; *Commissioners of Pike County v. City of Troy,* 173 Ala. 442, 56 South. 131.

There is no intimation in the record that this was not a special levy under said section of the Constitution, but only an apportionment of a part of the general levy of 50 cents on the $100, levied for general county purposes, as in the *Birmingham Case, supra.* It results that the court erred in granting the writ in this case.

The judgment of the court is reversed, and a judgment will be here rendered, dismissing the petition.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.