# City of Montgomery *v.* Montgomery County.

## *Assumpsit.*

(Decided February 3, 1914.　64 South. 588.)

1. *Highways; Road Tax; Right of City.*—A municipal corporation is not entitled to any part or portion of a special road tax collected under section 215, Constitution 1901, since the word "road" refers exclusively to rural roads and not to city streets.

2. *Same.*—As cities may be taxed to help keep up county roads although no part of the road is in the city limits, the construction of section 215, Constitution 1901, denying the city a right to any portion of a special road tax levied and collected by the county does not render it repugnant to the Federal Constitution.

'(Sayre, J., dissents; Mayfield, J., dissents in part.)

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

The City of Montgomery sued the County for a proportionate part of the special tax levied and collected by the county for road purposes. Judgment for defendant and plaintiff appeals. Affirmed.

W. A. GUNTER, for appellant. The only question is the constitutionality of the Acts of 1909, p. 304, and the effort here is to sustain the constitutionality by showing that the Constitution has been misconstrued. For a construction of the Act see 172 Ala. 139, and the *Troy Case,* 56 South. 274; *Calhoun County Case,* 58 South. 252; *Franklin County Case,* 58 South. 253. The court did not decide the issue-here raised as it was not directly in issue in the *Mobile County Case,* 61 South. 368. It is a cardinal rule of construction that he who assails the constitutionality of an act assumes the burden of vindicating his position beyond a reasonable doubt.— *State, ex rel. Meyer v. Green,* 154 Ala. 254. Constitutional questions are always open, and never absolutely foreclosed by previous decisions.—19 How. 393. The

following case will be found of interest and very instructive on the question here presented.—*Duval County v. Jacksonville,* 29 L. R. A. 418. Where the Legislature has construed a constitutional provision that construction should be followed if possible.—*Ex parte Dorsey,* 7 Port. 293; *Dorman v. State,* 34 Ala. 238; 77 S. W. 59; 110 N. W. 197; 8 Cyc. 737; *Ex parte S. & G. R. R. Co.,* 45 Ala. 696; *Wilburn v. McCauley,* 63 Ala. 436 A street in an incorporated city is a public road.— *Gaston v. State,* 117 Ala. 162; 29 L. R. A. 416. The construction attempted to be placed on section 215 of the Constitution of 1901, falls directly within the ban of the 14th amendment.—228 U. S. 69; 172 U. S. 269; 181 U. S. 324. On the sufficiency of the title of the act to include the provisions of section 1335, Code 1907, see the following cases.—*Lindsey v. U. S. S. & F. Co.,* 120 Ala. 168; *Lehard v. Diedmeyer,* 158 Ala. 298; *Balentine v. Wickersham,* 75 Ala. 536, and cases cited.

JOHN R. TYSON, and A. H. ARRINGTON, for appellee. No brief reached the Reporter.

ANDERSON, C. J.—This suit involves the right of the city of Montgomery to a certain part of a tax levied and collected as a special tax and designated as the "special road and bridge tax not to ·exceed one-fourth of one per centum," as provided for in the latter part of section 215 of the Constitution of 1901. It was held in the opinion of the court, speaking through MCCLELLAN, J., in the case of *Board of Revenue, Jefferson County v. State, ex rel. City of Birmingham,* 172 Ala. 138, 54 South. 757, that the word "road" as used in said section 215 of the Constitution applied to rural roads and did not include city streets. It is true that this court, upon a rehearing in said case, abandoned the opinion as not being applicable to the question involved, as the

[City of Montgomery v. Montgomery County.]

tax involved was not levied under the special power but under the general power; but in doing so we did not question the soundness of the first opinion. On the other hand, the principle enunciated and the construction as there placed upon said section 215 was followed in a memorandum opinion in the case of *City of Tuscaloosa v. Tuscaloosa County*, 54 South. 763, and in the published opinion in the cases of *Commissioners' Court of Pike Co. v. City of Troy*, 173 Ala. 442, 56 South. 131, 274; *Franklin Co. v. Town of Russellville*, 176 Ala. 609, 58 South. 253. The ruling of the trial court, in holding that the plaintiff (city of Montgomery) was not entitled to recover any part of the tax in question, was in accord with the foregoing decisions of this court, which are sound and to which we adhere upon the present appeal.

Nor are we impressed with the soundness of the suggestion or argument that the construction so placed upon said section 215 of our Constitution renders it repugnant to the federal Constitution. Cities and towns are benefited as much by rural roads leading thereto as are the people who live upon and travel the said roads. To say that the city cannot be taxed to help keep up county roads because not within the limits of the city would be as narrow and illogical as a holding to the effect that property owners in the country could not be taxed to keep up the roads unless their lands were attingent to said roads.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur in the opinion and the conclusion. MAYFIELD, J., concurs in the conclusion. SAYRE, J., dissents.