# State *ex rel.* Town of Marion *v.* Commissioners' Court Perry County.

*Mandamus to Compel Payment of Road Tax.*

(Decided June 30, 1914.   65 South. 998.)

*County; Taxation; Road and Bridge Tax.*—Under section 215, Constitution 1901, the money collected for road purposes is county money and a town cannot compel the court of county commissioners to pay over a portion thereof to the town.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Mandamus by the state on the relation of the town of Marion against the Court of County Commissioners of Perry County to require said commissioners to pay to the county its proportionate part of the road and bridge tax. From a judgment denying the writ relator appeals. Affirmed.

CLIFTON C. JOHNSON, for appellant. The town was entitled to have its proportion of the money raised by the special road and bridge tax, or either, levied on property located in the municipality.—§ 1335, Code 1907. The Acts of 1909, p. 304, cannot be held to repeal said section of the Code.—4 Mayf. 858.

WILLIAM FOWLKES, for appellee. Acts 1909, p. 304, repeals § 1335, Code 1907.—4 Mayf. 853; 2 A. & E. Enc. of Law, 718. The Acts spoken of was not repealed by the Acts adopting the Code of 1907.—*Bd. of Rev. v. State, ex rel.,* 54 South. 762. All our authorities hold against the right of the city to recover in this case.— *Commissioners' Court v. City of Troy,* 65 South. 131; *City of Montgomery v. County of Montgomery,* 64 South. 588, and cases there cited.

DE GRAFFENRIED, J.—The town of Marion seeks, by this proceeding, to compel the court of county commissioners of Perry county to pay over to the said town, a municipality located in Perry county, a portion of a special bridge tax levied under the authority of section 215 of our present Constitution. This section of the Constitution authorizes a county to levy a special tax not to exceed one-fourth of 1 per centum of the taxable value of the property of the county for certain *named* purposes, and then specifically declares that: The "taxes so levied and collected shall be applied ex-

clusively to the purposes for which the same were so levied and collected."

The money thus provided for is county—not city or town—money, and under the express mandate of the Constitution is to be applied by the county to certain named purposes.

It is useless for us, in so far as the question in hand is concerned, to consider or construe any of our statutes which are referred to by counsel for appellant in his brief. We are dealing with the express mandates of a constitutional provision, and each statute of the state must either be so construed as to harmonize with the constitutional provision to which we refer, or it must be held to be unconstitutional and void.

The town of Marion is not entitled to the relief which is sought by it in this proceeding.—*City of Montgomery v. County of Montgomery,* 185 Ala. 281, 64 South. 588.

The judgment of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.