THE CITY OF MUSCATINE v. THE CHICAGO, ROCK
ISLAND AND PACIFIC RAILWAY COMPANY.

1. **Statute of Limitations:** CONTRACT UNDER ORDINANCE. Where
a city seeks to recover of a railroad company for the breach of a
contract arising upon the acceptance of a grant under a city ordi-
nance, the statute of limitations may be interposed as a bar, the
same as in cases upon ordinary contracts between natural persons.
(See opinion for citations.)

2. ———: CONTRACT TO GRADE STREETS WITHIN REASONABLE TIME.
In 1853 plaintiff became bound, under an ordinance making a
grant to it, to grade a certain street in a reasonable time. *Held*
that an action by the city for a breach of the contract was barred
in ten years after the right to it accrued, and that such action,
begun in 1886, could not be maintained.

3. **Easement:** POSSESSION OF LAND UNDER: WHO PAYS TAXES. One
who has the actual and exclusive possession of land under an
easement, with the right to so hold it forever, must pay the taxes
on the land, and not he who has the empty title. (See opinion for
citations.)

4. **Taxation:** MISDESCRIPTION: ESTOPPEL. Water street in the
plaintiff city formerly ran along and adjacent to the north bank
of the Mississippi river, but by a contract between the city and
defendant it was located further north, and the land between the
street, as thus located, and the river was granted to defendant, and
occupied by it. When a special tax was levied upon such land,
described as lying between Water street and the river, *held* that
defendant could not be heard to say that the description was an
impossible one, and the levy therefore invalid, on the ground that
there was no land between Water street and the river.

5. **Taxes for Paving Streets:** COLLECTION BY ACTION. The ordi-
nances of the city of Muscatine provide that the expense of paving
the streets may be assessed upon the abutting lots, "which shall
have the effect of a special tax thereon, and they may be sold
therefor as for a tax;" also that, if the assessments be not paid
by the person or persons chargeable therewith, they shall be levied
as a special tax upon the property liable therefor; "and all the
provisions of law relating to special assessments, and for the
enforcement and collection of the same, shall apply to the assess-
ments levied under the provisions of this ordinance." *Held* that,
while the property affected by the assessments became bound by
a lien, the city could collect the taxes by personal action against
the owners. (Compare *City of Dubuque v. Railway Co.*, 39
Iowa, 58.)

*Appeal from Muscatine District Court.*—HON. C. M.
WATERMAN, Judge.

FILED, FEBRUARY 12, 1890.

ACTION at law to recover for grading and macadam-
izing a street of the plaintiff city, upon which lots
alleged to be owned by the defendant abut. The cause
was tried without a jury, and judgment rendered for
defendant. Plaintiff appeals.

*Richman & Burke*, for appellant.

*J. Carskaddan*, for appellee.

BECK, J.—I. The petition in the first count alleges
that in 1853 the plaintiff granted to the Mississippi and
Missouri Railroad Company, the predecessor of defend-
ant, certain rights, privileges and property, within the
corporate limits of the city, pertaining to the right of
way for its tracks, and to certain land whereon stations,
depots and warehouses, turn-tables and switches, and
the like, should be erected, on condition that certain
land and streets specified should be used and occupied
for the purposes named; and the further condition that
if parts of certain lots should be procured, and a strip
thereof one hundred feet wide should be dedicated to
the use of the public as a part of Water street, in the
city, the defendant should grade the new street to the
grade of Water street, as the city might direct.

The petition describes the land, but it would be
impossible to convey a correct idea of the locality without
copying the plats, and entering into a long description.
It is sufficient to say that the right of way granted was
upon Water street, which runs along the river. It
deflected towards the river, and returned, making a
kind of an elbow, in which the abutting lots were longer
than other lots on the same street,—the longest one
hundred and thirty-two feet longer than the others.
The lots to be obtained were in this elbow, and the

street to be dedicated crossed them in a right line with the streets above and below the elbow.   The railroad company was to hold and occupy the land between the new street and the river, but was not to occupy the new street, which was to be one hundred feet wide.   It clearly appears that the purpose was to change the street from the course around the elbow, so as to run across it, and to provide for the occupancy by the railroad company of all the land between the new street and the river, leaving the new street free from the obstacles of the railroad.   The railroad was to have the right to use the earth and stone excavated in making the grade, but was to erect no structure within the new street when the change was made.   An ordinance was passed by the city council making the grant to the railroad company upon the conditions indicated, which was finally accepted by the railroad company.   It may be appropriately observed here that, in the view we take of the case, we find it unnecessary to inquire whether defendant, the successor of the Mississippi and Missouri Railway Company by purchase at foreclosure sale, is bound by the contract witnessed by the ordinances, or whether, indeed, the ordinance raises a contract between the railroad company and the city.   The petition alleges that defendant, having been notified to bring the grade of the new street to the grade of Water street, failed to do so, and the work was then done by plaintiff, and the cost thereof is sought to be recovered upon the first count of the petition.

II.   The plaintiff alleges in the second count that, under its charter and ordinance, it is empowered to cause its streets to be paved, and the cost thereof assessed as a special tax against the owners of abutting lots; that, in pursuance of the statutes and ordinances conferring this power, plaintiff proceeded to cause the paving to be done, and demanded payment therefor of defendant, and, after the same was refused, to assess the cost thereof as a special tax on the lots and land of defendant abutting upon the street which was paved. Recovery is sought upon this assessment, under the

second count of the petition. The provision of the charter and ordinance of plaintiff, and the proceedings of its council pertaining to the city's authority, and the exercise thereof in this case, are made parts of the petition, by attaching copies thereof as exhibits, or by proper reference to the books containing them. The defendant denies that it is the successor of the Mississippi and Missouri Railroad Company, and pleads other defenses, which need not be here more particularly referred to in view of the conclusions we reach as to the law applicable to the case. As a defense to the cause of action set up in the first count, defendant pleads that it is barred by the statute of limitations, The consideration of this defense first demands our attention.

Plaintiff's claim upon the first count of the petition, as we understand its position, is based upon the obligations incurred by defendant, as the

1. STATUTE of limitations: contract under ordinance

successor of the Mississippi and Missouri Railroad Company, which became bound by a contract arising upon its acceptance of the grant made by the ordinance, conferring the right and authority upon it to occupy and use the street for railroad purposes. It is not claimed that plaintiff required defendant to do the grading in the exercise of municipal authority, independent of contract. Recovery is sought in the case upon the contract arising under the ordinance of the city upon the acceptance of the terms and conditions by the grantee, the Mississippi and Missouri Railway Company. We need not, therefore, enter into the inquiry whether a contract arose upon the acceptance of the grant made by the ordinance. We understand neither party denies that the ordinance and its acceptance is in fact the expression of a contract. But counsel for plaintiff say that, while the ordinance is a contract, it is something more; it is a law. This may be admitted. But plaintiff seeks in this action to recover damages resulting from the violation of the contract, not to enforce penalty for the violation of a law. We think it cannot be doubted that the action is brought upon a contract,

and that the rules of the law applicable to actions upon contracts are to be followed in this case. As the city upon this action is attempting to recover upon a contract, the statute of limitations may be interposed as a bar as in cases between natural persons. *City of Burlington v. Railway Co.*, 41 Iowa, 134; *City of Pella v. Scholte*, 24 Iowa, 283.

The ordinance was adopted in 1853, and was accepted a few days after it was adopted, of which the city was notified in less than thirty days.

2. —: contract to grade streets within reasonable time. The defendant, under the ordinance, became bound to do the grading of the street within a reasonable time. In 1856 and 1857 the railroad company proceeded to do grading upon the street, which is now claimed to have been done to the acceptance of plaintiff, and is a performance of the contract. The evidence shows that grading was done by the railroad company at that time under the contract as expressed in the ordinance. As we have seen, the railroad company was bound to do the work in a reasonable time. A street was established upon which the work could have been done. Surely, we cannot say twenty years should be extended to defendant as a reasonable time in which to do the work. This action was begun in 1886. The period of limitation is ten years. The city could have brought an action prior to 1876. Up to that date defendants had more than twenty years in which to do the grading, and plaintiff, during all of that long period, could have maintained an action against defendant upon the contract. Having failed to institute it within ten years from the time it accrued, its prosecution is barred by the statute.

IV. Under the ordinance of the city and proceeding instituted by defendant, as well as by purchase of a large portion of the property assessed, it

3. EASEMENT: possession of land under: who pays taxes. acquired the right to hold and occupy it. This right was based upon the acquisition of the title to a large portion of the property, and to an easement upon the other portion. Defendant occupied the land by its railroad track, by

station-houses, turn-tables and other improvements. A large portion so occupied was never in the street. A part of it was formerly occupied by the old Water street, but the public ceased to occupy it, and the right of occupancy was conferred on defendant. Defendant, as the holder of the easement on the land, as well as the holder of the title thereto, acquired a right to the perpetual possession of the land in question. If any one held the title to the land upon which defendant acquired the easement, it was valueless; for defendant had the right of the perpetual possession and enjoy-ment of the land. It would be absurd to say that the owner of such title is subject to taxation of any char-acter upon the land, and that the owner of the per-petual possession (the defendant) is not. The spirit of our laws will not permit such a thing. The defendant, the perpetual possessor of the land, is the owner who must respond to all demands made in exercise of the authority of taxation. We think this position demands no further discussion in its support. *Burlington & M. R. Ry. Co. v. Spearman*, 12 Iowa, 112; *Cummins v. Railway Co.*, 63 Iowa, 398; *Hollingsworth v. Railway Co.*, 63 Iowa, 443. As the defendant in this case was in the occupancy of the land with right of perpetual pos-session, it is to be regarded as the owner, and liable for the taxes thereof.

V. Counsel for defendant insist that the assess-ment of the special tax does not bind the lots, for the

4. TAXATION: misdescrip-tion: estop-pel.

reason that they are not described therein. They are described as lying south of Front street, "between the south line of Water street and the Mississippi river." Counsel insist that the south line of Water street is the Mississippi river, and, therefore, the description is impossible. This position of fact would be correct did the street exist as before the action on the part of plaintiff and defendant; the first, in granting to the last old Water street at that locality, and changing the course of the street as above shown; and the defendant, in taking possession of the

land south of the new Water street, and using it for railroad purposes. Surely, it cannot deny that Water street is north of its land, which is bounded by it in that direction. Defendant, in acquiring the land and accepting the grant of the city, and in its possession of the property, recognized the fact that Water street should be the northern boundary of its land. We must, therefore, regard the description as sufficient to bind the defendant.

VI. Counsel for defendant maintain that plaintiff is not authorized by the law to maintain an action to recover the special tax assessed in this case,

5. TAXES for paving streets: collection by action.

which is only a lien on the lots, and creates no liability of defendant. This position is based upon the provision of the city's charter authorizing assessments for paving streets, which is in the following language: "(14) To cause the streets and alleys of the city to be paved, and the pavements to be repaired; and to that end it may require the owners of lots adjacent to which it is to be done to pave or repair one-half in width of the street contiguous to their respective lots; and in case of neglect, after a reasonable time named in the order, the same may be done by the city, and the expense may be assessed on such lots, which shall have the effect of a tax thereon, and they may be sold therefor as for a tax, subject to the same right of redemption."

It is insisted that this provision authorizes an assessment upon the lot, and that the tax assessed is a lien thereon, but no remedy is contemplated against the lot-owner. But the provision expressly declares that the assessment shall have the effect of a tax. The ordinance of the city enacted pursuant to this provision of the charter provides for the collection of the special paving tax in this language: "Sec. 9. Any and all paving done by the city under the provisions of this ordinance shall, if the assessment therefor be not paid by the party or parties chargeable therewith, as herein required, become and be levied as a special tax on the

property liable for such assessments; and all the provisions of law relating to special assessments, and for the enforcement and collection of the same, shall apply to the assessments levied under the provisions of this ordinance." It will be observed that the assessments, having the effect of a tax under the provision of the charter, may, under the ordinance, be enforced, if collected by virtue of the provisions of the law applicable to special taxes. The assessment in question is a tax. The tax is a debt, for the recovery whereof an action may be maintained. *City of Dubuque v. Railway Co.*, 39 Iowa, 58. As we understand the abstract upon which the case is submitted, while the assessment and levy was upon the land, the taxation was against defendant as the owner of the property; that is, defendant was assessed and taxed as the owner of the property. It is the usual case of the assessment and levy of taxes upon a tax list showing the owner of the property, its description, the amount of taxes, etc. The property becomes bound by a lien for the taxes for which the owner is liable. It is not the case of an assessment upon the property, so that it is *in rem* only, and not against the owner.

VII. The character of the pavement, its width, thickness, etc., the notices and other things required in the proceedings, were matters for determination by the city council. There is nothing in the record showing the invalidity of the proceedings for taxation by reason of the fact that the work was improperly done, or the proceedings were irregular. It is too late to urge objection founded upon such matters after the work is completed and the assessment made, and rights acquired which are based thereon. We conclude that the plaintiff is entitled to recover upon the second count of the petition. In our opinion, the foregoing discussion disposes of all questions demanding consideration in order to lead us to a decision of the case. The cause will be remanded for a new trial. REVERSED.