City of Muscatine, Appellee, v. Chicago, Rock
Island & Pacific Railway Company,
Appellant.

| 88 | 291 |
| d92 | 447 |
| 88 | 291 |
| 101 | 419 |
| 101 | 423 |
| 88 | 291 |
| 107 | 103 |
| 88 | 291 |
| 112 | 307 |
| 112 | 308 |
| 112 | 309 |
| 112 | 311 |
| 112 | 318 |
| 88 | 291 |
| e119 | 148 |

1. **Municipal Corporations:** PAVING ONE SIDE OF STREET: LIA-
BILITY OF ABUTTING LOT OWNERS.   The special charter of the city of
Muscatine confers upon the city power to cause its streets to be
paved, and to require owners of adjacent lots to pave one-half in
width of the streets contiguous to their respective lots; and section
466 of the Code, which section 479 makes applicable to cities acting
under special charters, gives to cities and towns power to pave streets,
and make assessments therefor on lots fronting on such streets.
*Held,* that, where the said city paved thirty feet in width of a street
one hundred feet wide, and the paving was wholly on the side next to
the defendant's property, the ground on the other side being laid out
in lots and blocks, the defendant was not liable to pay more than
one-half the cost of such paving.

2. ———: ———: ———: ESTOPPEL. In such case the defendant was not
estopped to deny its liability for the entire cost of the paving by rea-
son of its failure to object to the order for paving and notice thereof,
and to subsequent acts on the part of the city to fix such liability,
where the defendant had not at any time admitted its liability,
and was not chargeable with notice that the city intended to establish
against it a liability for more than its just share of such cost.

3. ———: COST OF PAVING: OWNER OF EASEMENT NOT LIABLE FOR. A
city ordinance which authorizes it to require the owners of lots adja-
cent to a street to pave it, does not authorize the city to pave the
street at the expense of a railroad company having a mere right of
way over adjacent lots.

4. ———: ———: ASSESSMENT TO ABUTTING PROPERTY: INTEREST AND
PENALTY. The interest and collection fee allowed, by section 479 of
the Code, upon unpaid paving assessments, can not be recovered of
the abutting property owner unless an assessment therefor upon such
property has been made. The county tax list is not competent evi-
dence of such assessment.

### *Appeal from Muscatine District Court.*—HON. A. HOWAT, Judge.

### FRIDAY, MAY 19, 1893.

ACTION at law to recover for paving done by the
plaintiff, for which the defendant is alleged to be liable.
There was a trial by the court, which resulted in
a judgment in favor of the plaintiff for a part of the
amount it claims to be due. Both parties appeal, the
appeal of the defendant having first been taken.—
*Affirmed* on plaintiff's appeal; *reversed* on defendant's
appeal.

*J. Carskadden,* for plaintiff.

*Richman & Burk,* for defendant.

ROBINSON, C. J.—On the eleventh day of Septem-
ber, 1885, the city council of the plaintiff ordered that
First street (known in the record as "Water street")
be paved from Linn street to a point one hundred and
twenty feet west of Ash street. The street ordered to
be paved was one hundred feet in width. On the sev-
enteenth day of September a notice was served upon
the defendant to proceed to do the paving required by
the order the width of fifty feet in front of its property
which abutted on the line of the street, and to have the
work completed on or before the seventeenth day of

October. The defendant failed to do the work required by the order and notice, and the plaintiff thereupon paved a strip of the street about thirty feet in width on the side next to property owned by the defendant opposite blocks 5, 6, 7 and 8, which were on the other side of the street, and also extending westward opposite the track of the defendant, beginning one hundred and twenty feet west of Broadway. This action was commenced in September, 1886, to recover the cost of certain grading, and also to recover five thousand, eight hundred and forty-two dollars and thirty cents, as money expended in doing the paving, with interest.

At the January term, in the year 1888, of the district court of Muscatine county, a judgment was rendered in favor of defendant, which was reversed by this court on appeal. See 79 Iowa, 645. After the cause was remanded, another trial was had, which resulted in a judgment in favor of the plaintiff for the entire cost of paving done opposite blocks 5, 6, 7 and 8. That portion of the paving is adjacent to the land concerning which it was held on the former appeal that assessments on account thereof should be paid by the defendant. The amount for which judgment was rendered is four thousand and ninety-six dollars, with interest thereon from December 21, 1885, at the rate of six per cent. per annum, and of that the defendant complains. The cost of paving done west of a point one hundred and twenty-six feet west of Broadway was one thousand, seven hundred and forty-six dollars and thirty cents, and the plaintiff complains because that amount was not included in the judgment, and for the further reason that interest on the amount of the judgment, at the rate of ten per cent. per annum, and a penalty of five per cent. were not allowed. No question in regard to the grading is involved in this appeal.

I. On the former appeal it was held that the plaintiff was entitled to recover for paving it had done on

1. MUNICIPAL corporations: paving one side of street: liability of abutting lot owners.

Water street, in front of the property of the defendant, which was on the south side of the street, and which is described with sufficient accuracy for the purposes of this opinion as opposite blocks 5, 6, 7 and 8. After the case was remanded for a second trial, amendments to the pleadings were filed, but, when amended, the answer contained no defense to the right of the plaintiff to recover for paving done in front of the property of the defendant described, which was not involved in the first appeal. The facts established by the evidence in regard to that property were so nearly identical in the two trials that the decision of this court on the first appeal must be regarded as an adjudication establishing the right of plaintiff to recover, which is binding, and to be followed by us on this appeal. The important question left for determination is, what amount is plaintiff entitled to recover.

This action is brought under the provisions of sections 478 and 479 of the Code. The burden is upon the plaintiff to show the cost of paving for which the defendant is liable, and the property against which it is chargeable. The paving done was wholly south of the center of Water street, and the defendant contends that it can be compelled to pay the cost of but one-half of that portion in front of its property, while the plaintiff contends that the entire cost of such portion is chargeable to the property, and, therefore, that the defendant is liable for its payment. In *Morrison v. Hershire*, 32 Iowa, 276, it was decided that a city has power to pave less than the full width of a street, and assessments for a roadway eighteen feet in width were held to be valid. In that case it was said that the power of a city to do the work does not depend upon the benefits to be derived by property owners; that the work is done for the public, and assessments for its payment are levied upon the abutting lots, not because

of special benefits their owners derive from the improvement, but because the public good demands it, and the law authorizes such assessments to pay for it.   In *Robinson v. City of Burlington*, 50 Iowa, 241, it was said that a special assessment is allowable on the theory that the improvement for which it is made is of special value to the property owner.   It is undoubtedly true that the law contemplates a special benefit from the paving of the street to the owner of property which is adjacent to it; but it can not be said that paving on one side of a street is not of special benefit to the owner of property on the other side.   Such paving encourages the public to use the street, makes the property on both sides more accessible and more desirable, and enhances its value.   Ordinarily, justice to owners of contiguous property and considerations of public utility would demand that paving of less than the full width of the street be placed at equal distances from each side, but cases may arise where a departure from that rule is admissible.   Whether this is a case of that kind the record before us does not show.   It does not appear, however, that the defendant has derived any special advantage from the paving in front of its property not shared by owners of the property on the other side of the street.   There is no paving in front of its property, excepting that for which the plaintiff seeks to recover.

We are not required to determine whether facts may exist which would authorize a city or town to tax the cost of paving a part of the street to the owners of property on one side.   The special charter of Muscatine confers upon the city power to cause its streets to be paved, and to require owners of adjacent lots to pave one-half in width of the street contiguous to their respective lots.   Section 466 of the Code, which section 479 makes applicable to cities acting under special charters, gives to cities and towns power to pave streets and make assessments therefor on lots fronting on such

streets.    But a construction of this statute, or of the
charter under which the plaintiff is acting, which would
give to the plaintiff power to pave one side of a street,
and tax the cost thereof to the owner of lots contiguous
to that side only, where the paving is as beneficial to
the owners of lots on the opposite side, is so manifestly
contrary to the legislative intent, and so oppressive
and unjust, that it should not be adopted.    We are of
the opinion that the power given to the plaintiff by its
charter and by the general statute is to require owners
of lots on each side of a street to do or pay for one-half
of the paving for the portion of the street contiguous
to their lots, whether the paving covers a part only or
the full width of the street, and whether the paving is
in the center of the street or on one side.    If the pav-
ing is of such a character that it should be regarded as
a paving of the street, within the meaning of the
statute, the general rule is that the cost, when appor-
tioned, should be divided between the owners of lots
on the two sides of the street.    The only theory upon
which defendant can be held liable for the paving in
question is that it was a paving of the street within
the meaning of the charter of plaintiff or the general
statute, and, since that liability was established on the
former appeal, it follows that defendant is liable but
for a part of the entire cost of the paving in front of
its property.

II.    Appellee contends that the defendant is estop-
ped to deny liability for the entire cost of the paving
2. ——: ——: ——; in controversy by reason of its failure to
estoppel.         object to the order for paving and notice,
and subsequent acts on the part of the city to fix such
liability.    The defendant has not at any time admitted
liability for the entire cost of the paving, and is not
chargeable with notice that the city intended to estab-
lish against it a liability for more than its just share
of such cost.    The evidence submitted does not show

that such share was more than one-half the cost of the paving on account of which it is liable, and the court erred in rendering judgment against it for more than that amount.

III.   Of the amount the plaintiff seeks to recover, one thousand, seven hundred and forty-six dollars and

3. ——: cost of paving: owner of easement not liable for.

thirty cents is for paving west of that in front of its property already considered, beginning on Water street, one hundred and twenty-six feet west of Broadway, and extending thence westward.   That portion of the paving to which we now refer was done adjacent to land over which the defendant had the right to lay its track, but to which it did not have title.   The district court refused to allow the plaintiff for that portion of the paving, and we are of the opinion that its action in that respect was correct. The charter of the plaintiff authorizes it to require the owner of lots adjacent to a street to pave it, and not the owner of a mere easement in the lots.   The general statute is to the same effect.   See *Koons v. Lucas*, 52 Iowa, 181.

IV.   Section 479 of the Code provides that, where property is liable to assessment for such improvements

4. ——: ——: assessment to abutting property: interest and penalty.

as paving, and an assessment has been regularly made, and payment has been neglected or refused, the municipal corporation may recover, in addition to the amount assessed, and interest thereon at ten per cent. from the time of the assessment, five per cent. to defray the expenses of collection.   The district court refused to allow interest on the amount due from the defendant at a greater rate than six per cent. per annum, and refused to allow a percentage to defray the expenses of collection.   The only evidence offered which may be regarded as tending to show an assessment was the county tax list, to which objection was made by the defendant on the ground that it was incompetent.   The

county tax list is undoubtedly competent evidence for some purposes, but when a right of recovery is sought to be based upon an assessment regularly made, and not upon the tax list, direct proof of the assessment is required. The tax list was not in fact introduced to prove an assessment, but for another purpose. Its admission to prove an assessment would have been erroneous, and if, as we understand the record, it was not intended to be considered for that purpose, there was no evidence upon which to base an allowance for interest and expenses asked by the plaintiff.

V. The conclusions we have announced dispose of all questions which we are required to determine at this time. The defendant consents that judgment be entered against it for one-half of the cost of paving in front of its property. If the plaintiff shall, within sixty days from the date of filing of this opinion, remit one-half of the amount of its recovery, judgment will be entered in this court for the remainder, which is two thousand and forty-eight dollars, with interest thereon at six per cent. per annum from the twenty-first day of December, 1885, and the judgment of the district court will stand affirmed as so modified. If such a *remittitur* is not entered, the judgment of the district court will stand, on the appeal of the plaintiff, AFFIRMED, and on appeal of the defendant, REVERSED.