# Anderson *v.* City of Birmingham, *et al.*

*Damage From Overflow.*

(Decided February 8, 1912. Rehearing denied April 25, 1912. 58 South. 256.)

*Municipal Corporation; Actions; Torts; Claims; Presentation.* —The commencement of a suit against a city for damages for overflow caused by a street embankment and grade, within six months of the damage, was a sufficient presentation of the claim within the provisions of section 1191, Code 1907.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Hattie I. Anderson against the City of Birmingham and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The gravamen of the charge is that, in grading and erecting an embankment along Twenty-Sixth street, defendants stopped and prevented the natural flow of the surface water, which gathered and ran over and upon and through and from plaintiff's said property abutting on said street, and caused the said surface water to pond, settle, and stagnate upon the premises, to her

[Anderson v. City of Birmingham, et al.]

great damage and injury. The fourth plea was that plaintiff failed to present her claims for damages described in the complaint to the clerk of the city of Birmingham before filing the suit in this cause.

ALLEN & BELL, for appellant. The beginning of the suit for damages within six months from the causation thereof was a sufficient presentation of the claim against the city. Sec. 36, Acts 1890-1, p. 149; *Newman v. Birmingham,* 109 Ala. 630; Sec. 1191, Code 1907.

ROMAINE BOYD, for appellee. The requirement of notice is a condition precedent.—128 Mass. 387; 2 Elliott on Roads & Streets, 824; 18 N. W. 928; 62 N. W. 674. The absence of an averment of due presentation of the claim renders the complaint so infirm that a valid judgment cannot be rendered upon it.—*Newman v. Birmingham,* 109 Ala. 630; *Bland v. Mobile,* 142 Ala. 142; *Washington County v. Porter,* 128 Ala. 278. Failing to state a cause of action in the complaint, the court was authorized to render a verdict for defendant whether objection was taken by demurrer or not.— *Jordan v. N. C. & St. L.,* 131 Ala. 220; *L. & N. v. Williams,* 113 Ala. 402.

DOWDELL, C. J.—Section 1191 of the Code of 1907, which provides that "all claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred"—is a statute of nonclaims, and is unlike the provisions contained in section 36 of the old charter of the city of Birmingham

[Barbour v. Shebor.]

(Acts 1890-91, p. 149), construed in *Newman v. Mayor & Aldermen,* 109 Ala. 630, 19 South. 902, which made the presentation of the claim a prerequisite to the commencement of a suit.

The statute under consideration is analogous to the statute requiring the presentation of claims to an administrator within a prescribed period, or the same be barred. In such cases, presentation is not a prerequisite to the bringing of a suit; and, if a suit be commenced within the prescribed period, it is a sufficient presentation.—*Floyd v. Clayton, Ex'r,* 67 Ala. 265. In the present case, the suit was begun within six months (the prescribed period) of the accrual of the claim sued on.

The fourth plea furnished no ground of defense to the action; and the trial court consequently erred in overruling the plaintiff's demurrer to this plea.

There are two other assignments of error; but they each present the same question above decided, and hence call for no further discussion.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.

