# Montgomery County v. City of Montgomery.

### Assumpsit.

(Decided January 20, 1916.   70 South. 642.)

1. **Municipal Corporations; Failure to Present Claim; Statute.**—Under § 1191, Code 1907, a claim of a county against a city for money paid the city under supposed statutory authority, which did not, in fact, exist, not presented within two years of accrual, was barred; municipal corporations not being exempt from the operation of the statute of limitations, where property or contracts not pertaining to the authority of the state exercised through them are involved.

2. **Limitation of Action; Operation Against Municipality.**—As against the property of a municipality, definitely set apart as trust property which the municipality cannot directly alienate, the same cannot be indirectly alienated through the statute of limitations.

3. **Municipal Corporations; Claims Against; Accrual; Non Claim.**— Where money was paid by a county to a city under supposed statutory authority which did not, in fact, exist, the claim for repayment thereof accrued in favor of the county as against the city as of the date of the payment, and the statute of non claims (§ 1191, Code 1907) began to run from such date.

4. **Same; Pleading.**—Where the action was for the county against the city to recover money paid under supposed statutory authority which did not

exist, the plea of non claim herein set out correctly set up the county's failure to present the claim within the two years as required by the provisions of § 1191, Code 1907.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by the county of Montgomery against the city of Montgomery to recover money paid to the city by the county as a portion of the road fund going to the city under a supposed statutory authority. From a judgment overruling its demurrer to defendant's plea of non claim, plaintiff appeals. Affirmed.

JOHN R. TYSON, and A. H. ARRINGTON, for appellant. W. E. ANDREWS, for appellee.

THOMAS, J.—This is an appeal from the judgment of the circuit court, overruling the demurrer to plea 8, which set up the statute of nonclaim, as provided by section 1191 of the Code. The statute is as follows: "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

The question is whether this statute has application, and whether it is correctly pleaded. Plea 8 is as follows: "Comes the said defendant, and for a further plea to the entire complaint of the plaintiff says that the said claims are barred by the statute of limitations of two years, for that the said claims were not within two years from the accrual of the said claims presented to the clerk of defendant or to defendant for payment."

Appellant insists that the moneys paid over by the board of revenue for the plaintiff, to the defendant, belonged to the road and bridge fund of the county, and that the city of Montgomery had no legal right to receive the same. This question was decided in *City of Montgomery v. County of Montgomery*, 185 Ala. 281, 64 South. 588, and in *County of Montgomery v. City of Montgomery*, 190 Ala. 366, 67 South. 311 (construing section 215 of the Constitution).

It is further insisted that "no title to public funds can be acquired by prescription or statute of limitations," on authority of

*Reed v. Mayor and City Council of Birmingham,* 92 Ala. 339, 9 South. 161; *Webb v. City of Demopolis,* 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; *Harn et al. v. Common Council of Dadeville,* 100 Ala. 199, 14 South. 9; *Douglass v. Montgomery,* 118 Ala. 599, 24 South. 745, 43 L. R. A. 376; *Mobile Transportation Co. v. City of Mobile,* 128 Ala. 335, 30 South. 645, 664 L. R. A. 333, 86 Am. St. Rep. 143; and *Smith v. Opelika,* 165 Ala. 630, 51 South. 821.

(1) The real question, then, is whether these cases have application to the payment of moneys by a county or a municipality. A careful analysis of them will disclose that each of these cases was decisive of the proposition that there may be no adverse possession of public streets, public wharves, public shore lands, or public parks, such as would bar a right of action therefor by the municipality. The general authority on which these cases rest is thus stated by Judge Dillon: "Such a corporation does not own and cannot alien public streets or places, and no mere laches on its part or on that of its officers can defeat the right of the public thereto."—3 Dillon Munic. Corp. (5th Ed.) § 1194, p. 1901.

No such principle inheres in this action. Here the property in dispute is money paid out under a supposed authority of law, a statute afterwards construed by this court and held not to warrant the payments in question. Both city and county officials acted under an honest misapprehension of the law. There is no pretense that fraud was committed by any one. The city, under a mistake of law, received the money now claimed by this suit, and has no doubt disbursed it to third parties, in the application of this road and bridge fund. The county did have a proprietary right, and so, an alienable title to its moneys. Judge Dillon (3 Munic. Corp. [5th Ed.] § 1194) expressly states that: "In an action on contract or for tort a municipal corporation may plead or have pleaded against it the statute of limitation."

In section 188, Id., we find this author's statement of the exception to the general rule, as follows: "Although municipal corporations are public agencies, exercising on behalf of the state public duties, yet they also exercise and acquire what the courts have called rights in a private and proprietary capacity, rather than in a public and governmental capacity, and such corpor-

ations are not exempt from the operation of limitation statutes in cases wherein arise questions involving property or contracts which do not pertain to the authority of the state which is exercised through them, but pertain to the *private and contractual rights* of the municipality, and such statutes run in favor of and against these corporations with respect to these private and proprietary rights and obligations in the same manner and to the same extent as against natural persons."

It has been held that actions to recover moneys collected by public officials are within the bar of the statute (*Clarke v. School Dist.*, 84 Ark. 516, 106 S. W. 677; *Bannock County v. Bell*, 8 Idaho 1, 65 Pac. 710, 101 Am. St. Rep. 140; *Johnson v. Black*, 103 Va. 477, 492, 49 S. E. 633, 68 L. R. A. 264, 106 Am. St. Rep. 890); that an action by a city to recover damages for breach of contract by a railroad company to pave a city street within a reasonable time is within that bar.—*Muscatine v. Chicago, R. I. & P. R. Co.*, 79 Iowa, 645, 44 N. W. 909. In *Metropolitan R. Co. v. District of Columbia*, 132 U. S. 11, 10 Sup. Ct. 19, 33 L. Ed. 231, the Supreme Court of the United States said: "It is scarcely necessary to discuss further the question of the applicability of the statute of limitations to a purely municipal corporation when it is embraced within the general terms of the law. It was expressly decided to be applicable in the cases of *Kennebunkport v. Smith*, 22 Me. 445, *Cincinnati v. First Presbyterian Church*, 8 Ohio 298 [32 Am. Dec. 718], *Cincinnati v. Evans*, 5 Ohio St. 594, *St. Charles County v. Powell*, 22 Mo. 525 [66 Am. Dec. 637], *Armstrong v. Dalton*, 15 N. C. 568, and other cases cited in the notes to Wood on Limitations, § 53, and to 2 Dillon on Municipal Corporations (3d Ed.) § 668. Judge Dillon, in the section last cited, accurately says: 'The doctrine is well understood that to the sovereign power the maxim, "Nullum tempus occurit regi," applies, and that the United States and the several states are not, without express words, bound by statutes of limitation. Although municipal corporations are considered as public agencies, exercising, in behalf of the state, public duties, there are many cases which hold that such corporations are not exempt from the operation of limitation statutes, but that such statutes, at least as respects all real and personal actions, run in favor of and against these corporations in the same manner and to the same extent as

[Montgomery County v. City of Montgomery.]

against natural persons." In *Evans v. Erie County*, 66 Pa. 222, 228, Sharswood, J., says: 'That the statute of limitations runs against a county or other municipal corporation, we think, cannot be doubted. The prerogative is that of the sovereign alone; "Nullum tempus occurrit reipublicæ." Her grantees, though artificial bodies created by her, are in the same category with natural persons.' See, also, *Dundee Harbour Trustees v. Dougall*, 1 Macqueen H. L. Cas. 317. But we forbear to quote further authorities on the subject. We hold the doctrine to be well settled."

An action by a county to set aside for fraud a decree declaring certain railroad taxes to be illegal was held to be within the statutory limitation in *Boone Co. v. Burlington & Missouri R. R. Co.*, 139 U. S. 684, 11 Sup. Ct. 687, 35 L. Ed. 319, Mr. Justice Blatchford, for the court, said: "The appellant seeks to apply to the county and its officers in this case the established rule that laches will not be imputed to a government for a failure on the part of its officers to perform their duty.—*United States v. Kirkpatrick*, 9 Wheat. 720 [6 L. Ed. 199] ; *United States v. Vanzandt*, 11 Wheat. 184 [6 L. Ed. 448] ; *United States v. Nicholl*, 12 Wheat. 505 [6 L. Ed. 709] ; *Dox v. Postmaster General*, 1 Pet. 325 [7 L. Ed. 160] ; *Gaussen v. United States*, 97 U. S. 584 [24 L. Ed. 1009]. But this doctrine is not extended to such a municipal corporation as the county of Boone.—*Metropolitan Railroad v. District of Columbia*, 132 U. S. 1, 11, 12 [10 Sup. Ct. 19, 33 L. Ed. 231]."

The rule declared in *Metropolitan Railroad v. District of Columbia, supra*, was also approved in *District of Columbia v. Bailey*, 171 U. S. 161, 18 S. Ct. 874, 43 L. Ed. 118.

(2) As against property definitely set apart as trust property which the municipality cannot directly alienate, on reason no indirect alienation can be had or permitted through the statutes of limitation. This is the reason for the holding of that line of authority declared in *Webb v. City of Demopolis, supra*. For practical purposes of administration of the affairs of the municipality, except as to the limited class of inalienable trust properties, the weight of authority favors the statement of Mr. Wood, in his work on Limitation (page 118, § 53) : "The maxim, 'Nullum tempus occurrit regi,' only applies in favor of the sovereign power, and has no application to municipal corporations deriving

their powers from the sovereign, although their powers in a limited sense are governmental. Thus the statute runs against towns and cities (*Cincinnati v. Evans*, 5 Ohio 594; *Lane v. Kennedy*, 13 Ohio St. 42; *Conyngham School Dist. v. Columbia Co.*, 6 (Pa.) Leg. Gaz. 26; *School Directors of Goerges*, 50 Mo. 194; *Kennebunkport v. Smith*, 22 Me. 445; *Gibson v. Chouteau*, 13 Wall. 92 [20 L. Ed. 534]; *Alton v. Illinois Trans., etc., Co.*, 12 Ill. 38 [52 Am. Dec. 479]); and also for or against counties (*County of St. Charles v. Powell*, 22 Mo. 525 [66 Am. Dec. 637]; *Evans v. Erie County*, 66 Pa. 222; *Baker v. Johnson Co.*, 33 Iowa 151; *Armstrong v. Dalton*, 15 N. C. 568; *County of Lancaster v. Brinthall*, 29 Pa. 38), in the same manner as it does for and against individuals (*Boone County v. Burlington & Mo. River R.*, 139 U. S. 684, 693 [11 Sup. Ct. 687, 35 L. Ed. 319]; *Hammond v. Shepard*, 186 Ill. 235 [57 N. E. 867, 78 Am. St. Rep. 274]; *Arapahoe Village v. Albee*, 24 Neb. 242 [38 N. W. 737] 8 Am. St. Rep. 202, and note)."

This statement of the law is supported by the opinion of Mr. Chief Justice English in *Hill v. State*, 23 Ark. 604. See, also, *In re Jacobs' Estate*, 119 Iowa 176, 178, 93 N. W. 94; 18 Cyc. 468.

The statute in question (section 1191, Code) is not technically a statute of limitations, but is one of nonclaims (*Anderson v. City of Birmingham*, 177 Ala. 302, 58 South. 256), and is analogous to the statute requiring presentation of claims to an administrator within a prescribed time, and providing that on failure to be so filed they shall be barred. A similar statute of nonclaims, in favor of counties, section 150 of the Code of 1907, has been applied to the claims of a city against a county.—*City of Mobile v. Board of R. & R. Com.*, 180 Ala. 514, 61 South. 814. This section (section 150) reads: "All claims against counties must be presented for allowance within twelve months after the time they accrue, or become payable, or the same are barred, unless it be a claim due to a minor, or to a lunatic, who may present such claim within twelve months after the removal of such disability."

(3) When the payment was made by the county to the city under a misapprehension of the law, it became an accrued claim in favor of the county, and a liability of the city, as of that date (*Mobile County v. Williams*, 180 Ala. 639, 61 South. 963).

[Bailey v. Padgett.]

and, of necessity, the statute of nonclaims began to run from such date of accrual (*Clarke v. School District, supra; Johnson v. Black, supra*). The failure of the public officials in charge of the financial affairs of the county to present timely claim to the city for payment was no doubt due to the delay in the construction of the statutes governing the disposition or division of the proceeds of the road and bridge fund between the county and the city, and not to a desire to dissipate any portion of the public funds.

(4) The plea correctly set up the failure of the county to present its claim to the municipality as required by the statute (Code, 1907, § 1191), and the demurrer thereto was properly overruled.

The case is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.