ANNIS CHANEY et al., Appellees, v. W. F. MURPHY, Appellant.

**APPEAL AND ERROR:** Review—Questions of Fact, Etc.—Law Actions—Trial to Court. Principle recognized that, on appeal in a law action tried to the court, that version of the testimony most favorable to the prevailing party must be accepted.

LIMITATION OF ACTIONS: Computation of Period—Contract
2 Without Time for Performance. The statute of limitations, on
a contract calling for the performance of a specified act without
designation as to time of performance, will commence to run
only from the time the one obligated repudiates the contract.

DAMAGES: Breach of Contract—Failure to Furnish Abstract—Ex-
3 amination. The obligation to furnish an abstract showing good,
merchantable title does not embrace the obligation to defray
the cost of examining the abstract after it has been furnished
or procured.

*Appeal from Johnson District Court.*—R. P. HOWELL,
Judge.

WEDNESDAY, MARCH 14, 1917.

REHEARING DENIED TUESDAY, JUNE 26, 1917.

ACTION to recover damages for defendant's failure to
furnish plaintiffs with an abstract of title to certain prop-
erty purchased by plaintiffs from defendant. The defense
was the statute of limitations, a denial of the material al-
legations of the petition, and a pleading of full performance
by defendant of all of his agreements. Upon the issues
joined, the cause was tried to the court, a jury being waived,
resulting in a judgment for plaintiffs in the sum of $56,
with interest and costs. Defendant appeals.—*Modified and
affirmed.*

*C. M. Dutcher* and *Bailey & Murphy,* for appellant.

*Edwin B. Wilson,* for appellees.

DEEMER, J.—As the case is a law ac-
**1. APPEAL AND**
**ERROR: review:** tion, and was tried to the court without a
**questions of** jury, we must accept that version of the tes-
**fact, etc.: law**
**actions: trial** timony most favorable to plaintiffs, and, if
**to court.**
there be any which substantially supports
the judgment, the case must be affirmed.

It seems that, for many years, defendant has been
plaintiffs' attorney, and has represented them in all matters

upon which they needed advice or assistance in court or otherwise. Plaintiffs were the owners of some property in the town of Oxford, which defendant wished to secure, and so he proposed to trade them a farm for it. Having agreed upon $1,000 as the value of plaintiffs' property, a trade was arranged for the farm, plaintiffs to give notes and mortgages aggregating $4,000 upon the land, in addition to their Oxford property, and also an equity estimated at $2,000, which Annis Chaney had in a tract of ground belonging to an estate in which she was interested. It was agreed by defendant that he would furnish an abstract showing a good and merchantable title in the farm lands which were to be deeded to the plaintiffs. No time was set for the delivery of this abstract. Deed to the lands was made and delivered to plaintiffs about December 23, 1905, and defendant then said that the abstract of title needed fixing, and that, when he got it fixed, he would turn it over to plaintiffs. Plaintiffs kept calling for the abstract, and defendant kept renewing his promises to fix up and deliver it, until a short time before the bringing of this suit, when defendant, after having brought action to quiet title to the lands, which action, it is said, cured all the defects in the title, refused to deliver the abstract or to have anything more to do with it or the title.

Plaintiffs claim that, having sold the land, or a part of it, they were compelled to secure an abstract to satisfy the purchaser; that they paid $25 for this; that thereafter, and after defendant had brought his action to quiet title, they had to pay $6 to have the abstract extended, and that, in view of defendant's failure to furnish an abstract, they had to employ an attorney to look after their interests; and that they paid this attorney $25 for his services. These several items were allowed by the trial court, and the appeal challenges the allowance thereof.

It is said that plaintiffs' action is **2. LIMITATION OF ACTIONS: computation of period: contract without time for performance.** barred by the statute of limitations. It is manifestly an action for breach of contract, the contract having been made in December of the year 1905, and this action having been commenced in January of the year 1915. The contract is oral, and the statutory period for bringing suit for breach thereof is five years from the time the cause thereof accrues. The fundamental question is: When did plaintiffs' cause of action accrue? It seems that no time was fixed for the delivery of the abstract. In such a case, a reasonable time is implied by law, and what is this reasonable time depends upon the circumstances of each particular case. Here, plaintiffs say that, during all the time down to within a short while before the bringing of suit, defendant, recognizing his contract, made one excuse after another for not completing the abstract, acknowledged his liability to deliver, and promised each time to do so within a few days. All parties recognized that an action to quiet title was necessary to correct defects in the title, and without this, a good and merchantable title could not be secured, so as to be entered upon the abstract; and plaintiffs state that defendant insisted upon doing this work himself, and delayed doing so, for good reason or for no reason, until about the time of the commencement of this action, thus compelling plaintiffs to procure another abstract and an extension thereof, in order to satisfy a purchaser of the land from them. On plaintiffs' version of the matter, which the trial court had the right to accept, we do not think plaintiffs' cause of action is barred. The action did not accrue, according to plaintiffs' testimony, until defendant repudiated his agreement to furnish an abstract. *Elliott v. Capital City State Bank*, 128 Iowa 275; *City of Muscatine v. Chicago, R. I. & P. R. Co.*, 79 Iowa 645. And the

trial court was justified in finding that plaintiffs' cause of action was not barred.

II. The court allowed plaintiffs the cost of a new abstract, and also for making the necessary extension thereof, after defendant secured the decree quieting title to plaintiffs' lands, amounting to $31. In this there was no error. But the court also allowed plaintiffs the sum of $25 because of defendant's failure to look after plaintiffs' interests, as he agreed to do. We understand that this has reference to an attorney's fee paid by him, necessitated by defendant's failure to furnish abstract or to perfect title to the lands in season.

3. DAMAGES: breach of contract: failure to furnish abstract: examination.

In the first place, we find no testimony that plaintiffs paid or obligated themselves to pay any amount to an attorney for anything. Moreover, if there be such, there is no showing that this was due to defendant's failure to perform any part of the agreement. Defendant undertook to deliver an abstract showing good and merchantable title to the land, and also to convey such a title. If he had furnished the abstract, he was not bound to pay for the services of an attorney secured by plaintiffs to examine this abstract. Again, after defendant secured a decree quieting title to the land, he was not bound to pay or reimburse plaintiffs for the services of an attorney in examining the title. Defendant performed his agreement when he delivered the abstract and fixed up the title. If he did neither, or failed to do one of the things promised, he is liable for the damages primarily resulting therefrom. He did not furnish the abstract, and plaintiffs are entitled to compensation therefor. He did secure his decree, but plaintiffs are not entitled to recover attorneys' fees from him because they employed someone to see whether or not they then had good title. Neither the law nor the testimony in the case justifies any such allowance. The judgment

must be modified by striking out this allowance for attorneys' fees or for looking after plaintiffs' interests, leaving it stand simply for $31, with interest. Each party will pay one half of costs of this appeal.—*Modified and affirmed.*

The foregoing opinion was prepared by Justice Deemer, now deceased, and is adopted as the opinion of the court.

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.