## Barnett v. Borough of Aliquippa et al.

*A. G. Helbling*, for plaintiff.

*Craig & Rowley*, for defendants.

WILSON, J., January 8, 1940.—The above-entitled matter comes before us on an affidavit of defense raising questions of law, which was duly before the court en banc upon argument c. a. v.

Plaintiff, while a pedestrian on the streets of defendant borough, claims to have been injured through its negligence, on July 10, 1938. The action in trespass was entered April 4, 1939, no notice having been filed in the office of the clerk or secretary of said borough, as required

by the Act of July 1, 1937, P. L. 2547, which reads as follows:

"Section 1. Be it enacted, &c., That, hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured.

"Section 2. This act shall become effective immediately upon its final enactment.

"Section 3. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

Over six months having elapsed between the time the cause of action arose and the entry of suit, and no notice having been given as required by said Act of 1937, it is the contention of defendant that the suit, as against the borough, should be dismissed. Plaintiff counters by claiming that said act is unconstitutional as offending article III, sec. 7, and art. III, sec. 21, of the Constitution of Pennsylvania. Of section 7, the plaintiff sets forth the following:

"The General Assembly shall not pass any local or special law . . .

"Regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, aldermen, justices of the peace, sheriffs, commissioners, arbitrators, auditors, masters in

chancery or other tribunals, or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate . . .

"Granting to any corporation, association or individual any special or exclusive privilege or immunity, or to any corporation, association or individual the right to lay down a railroad track."

Section 21, amended May 19, 1915, P. L. 1091, is as follows:

"The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

Prior to the above amendment, said section 21 read as follows:

"No act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property; and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such .

actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

As to declaring acts of assembly unconstitutional, the rule of law governing such action is found in the case of Penn Anthracite Mining Co. v. Anthracite Miners of Pa. et al., 318 Pa. 401, 405, 406, as follows:

" 'That one who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so, has been so often declared that the principle has become axiomatic. In Sharpless v. Mayor of Phila., 21 Pa. 147, Mr. Justice BLACK said (page 164) : "There is another rule which must govern us in cases like this; namely, that we can declare an act of assembly void, only when it violates the Constitution clearly, palpably, plainly; and in such manner as to leave no doubt or hesitation on our minds. This principle is asserted by judges of every grade, both in the federal and in the state courts." And again in Erie and North-East R. R. Co. v. Casey, 26 Pa. 287, the same Justice said ·(page 300) : "The right of the judiciary to declare a statute void, and to arrest its execution, is one which, in the opinion of all courts, is coupled with responsibilities so grave that it is never to be exercised except in very clear cases; one department of the government is bound to presume that another has acted rightly. The party who wishes us to pronounce a law unconstitutional, takes upon himself the burden of proving, beyond all doubt, that it is so." In Hilbish v. Catherman, 64 Pa. 154, Mr. Justice AGNEW said (page 159) : "We cannot declare this act unconstitutional unless we can say, in the language of Judge TILGHMAN, that 'its violation of the Constitution is so manifest as to leave no reasonable doubt': Com. v. Smith, 4 Binn. 117." And Chief Justice SHARSWOOD said, in Com. v. Butler, 99 Pa. 535 (540) :

"To justify a court in pronouncing an act of the legislature unconstitutional and void, either in whole or in part, it must be able to vouch some exception or prohibition clearly expressed or necessarily implied. To doubt is to be resolved in favor of the constitutionality of the act" ': Gottschall v. Campbell, 234 Pa. 347, 363. See also Com. ex rel. Schnader v. Liveright, 308 Pa. 35, 56, 161 A. 697."

Applying these rules to the case at bar, under the authority of Kelley v. Earle et al., 325 Pa. 337, 352, 355, and of Commonwealth v. Emmers, 221 Pa. 298, 312, 313, we can find no merit in plaintiff's contention that the Act of 1937, supra, offends against article III, sec. 7, of the Constitution of Pennsylvania.

From his oral argument and brief filed it appears that counsel for plaintiff relies on the prohibitions of article III, sec. 21, contending that the Act of 1937 is a special act of limitations, in contravention of the last sentence of said section: "No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." We quote from Kelley v. Earle et al., supra, as follows (p. 352) :

"While our research discloses no case squarely interpreting this Section as applying solely to private corporations, in the cases of *Commonwealth, to use, v. Philadelphia*, 193 Pa. 236, and *Commonwealth v. Emmers*, 221 Pa. 298, 313, this court intimated that the section is to be so restricted . . . Obviously, from the very nature and purpose of these corporate bodies, created to assist the State in its essential operations, a distinction must be drawn from the larger class of private or quasi public corporations to which, and to which alone, the constitutional provision was clearly meant to apply. See also *Moers v. Reading*, 21 Pa. 188; *Board of Health v. Diamond Mills Paper Co.*, 51 Atl. 1019, 1020. . . .

"In Article III, Section 7, of the Constitution is found a prohibition against 'granting to any corporation, association or individual any special or exclusive privilege or immunity. . . .' This section of our Constitution was held in *Commonwealth v. Emmers*, supra, not to apply to municipal corporations or agencies of the State."

In Commonwealth v. Emmers, supra, the Supreme Court approved the opinion of the Superior Court as follows (p. 312):

"The contention that this statute violates that clause of article III, sec. 7, of the constitution of Pennsylvania, which declares that the general assembly shall not pass any local or special law, 'granting to any corporation, association, or individual any special or exclusive privilege or immunity,' cannot be sustained. Municipal corporations do not come within this particular clause of the section, but are within the operation of the clause which relates to them specially and forbids the passing of any local or special law, 'Regulating the affairs of counties, cities, townships, wards, boroughs or school districts.' Municipal and quasi-municipal corporations are the agents of the state, authorized to perform such governmental duties as are by the state delegated, and there must be, from the very nature and purpose of their organization, delegated to them governmental powers such as those of taxation and police, which it would be manifestly improper to delegate to an individual or private corporation. This is clearly recognized by this section of the constitution, which places them in a distinct clause and constitutes them a class by themselves. Legislation which confers upon municipalities, powers and privileges, properly relating to municipal affairs, while denying such powers to individual and private corporations, does not violate that provision of the constitution of the state which the appellant seeks to revoke. Com. v. Vrooman, 164 Pa. 306; Clark's Estate, 195 Pa. 520."

If article III, sec. 7, permits distinctions between municipal corporations and private persons and corporations,

and between municipal corporations and even quasi-public corporations, we are persuaded that article III, sec. 21, permits the same distinctions. Classifications of municipal corporations, from cities of the first class to townships of the second class, for the very purpose of class legislation, have been approved from every angle. As the Act of 1937 applies to the entire class of all municipal corporations there can be no doubt as to its constitutionality.

Counsel for defendant borough has called our attention to a great number of authorities in other jurisdictions, upholding similar legislation requiring precedent notice of actions against municipalities. See 16 C. J. S. 910, §461, Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E. (2d) 568, Crumbley v. City of Jacksonville, etc., 102 Fla. 408, 138 So. 486, Bowles v. City of Richmond (Va. 1925), 129 S.E. 489, O'Neil, Executrix, v. City of Richmond, 141 Va. 168, 126 S.E. 56, Touhey v. City of Decatur, 175 Ind. 98, 93 N. E. 540, Condon v. City of Chicago, 249 Ill. 596, 94 N. E. 976, Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, Bunker et al. v. City of Hudson, 122 Wis. 43, 99 N. W. 448, Montgomery County v. City of Montgomery, 195 Ala. 197, 70 So. 642, Anderson v. City of Birmingham et al., 177 Ala. 302, 58 So. 256, Frasch v. City of New Ulm, 130 Minn. 41, 153 N.W. 121, Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, and Randolph v. City of Springfield, 302 Mo. 33, 257 S. W. 449.

Our attention has also been called to 3 Standard Pennsylvania Practice, p. 125, sec. 30, and p. 147, sec. 45, 19 R. C. L., pp. 1040 and 1041, and 44 C. J. 1463.

The reasons calling for early notice of accidents and claims for damages against municipalities are too well known to call for comment, particularly in actions in trespass where the municipality is only secondarily liable. The Act of 1937 in no way affects plaintiff's right of action as against the owners of the abutting property, who are primarily responsible for the condition of the sidewalk. The Borough of Aliquippa, as original defendant, by scire facias, has brought in Max Staman and Lillian

R. Staman as additional defendants, as owners of the property in front of which the alleged accident occurred. Under the Scire Facias Act of April 10, 1929, P. L. 479, as amended, after an added defendant has been brought in, the case proceeds as though he had been an original defendant. As in the trial of actions in which defendants have been added the court may enter nonsuits, give binding instructions, or grant judgments n. o. v. as to any or all defendants, whether original or added, the releasing of the original defendant on a statutory demurrer, or affidavit of defense raising questions of law, does not change the status of the added defendant, but leaves him to defend alone, in like manner as if he had been an original defendant. On the discharge of the original defendant the action does not fall as a whole, forcing plaintiff to bring a new action against the added defendant, for both law and equity abhor multiplicity, and no right of the added defendant will be jeopardized by adhering to the rule.

Exception may be taken to our sustaining defendant's statutory demurrer to the extent of finally discharging it from liability through plaintiff's failure to comply with the Act of 1937 as to notice. As it is admitted that no notice was given within the six months, no amendment is possible, and the sole question is the validity of the act. We are holding that said act is valid, and that, without compliance with the conditions precedent required, defendant borough can never be held to answer the action of plaintiff. Therefore, on the pleadings and facts before us, the striking off of the Borough of Aliquippa as a defendant is proper.

The Act of 1937, so far as we can find, has been before the courts but twice: In Lackawanna County, in O'Hara v. City of Scranton, 35 D. & C. 42, on the question of the sufficiency of notice by service of summons and statement of claim on the city solicitor within the six months; and in Washington County, in Johnston v. Canonsburg Borough, 34 D. & C. 123, on the question of

sufficiency of the excuse for delay as to notice. In neither case does it appear that the constitutionality of the Act of 1937 was questioned.

### Order

And now, January 8, 1940, for the reasons appearing in the foregoing opinion, the statutory demurrer, or affidavit of defense raising questions of law, is hereby sustained, and it is hereby ordered, adjudged, and decreed that the Borough of Aliquippa be and the same is hereby stricken from the record as a party defendant, the action to proceed as indicated as against the added defendants without prejudice to plaintiff.