# Scarbrough *et al. v.* Watson.

## *Petition for Mandamus.*

1.  *Claim against county; should be collected by suit.*—Where a claim against a county has been presented to the commissioners court of said county, and disallowed by that body, the holder of such claim has his remedy by an action against the county, as provided by statute (Code, § 13); and he is not, therefore, entitled to a writ of *mandamus* to compel the commissioners court to allow said claim. (*Marengo County v. Lyles*, 101 Ala. 423, explained and qualified.)

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This proceeding was instituted by the appellee, I. E. Watson, filing a petition addressed to the Judge of the Seventh Judicial Circuit, in which he averred that he was Clerk of the Circuit Court of Calhoun county; that he had presented to the commissioners court of said county an itemized account for $104, for copying the minutes of the circuit court for the year 1902, and that said account had been disallowed.

The petitioner prayed for a writ of *mandamus* to be issued, addressed to the respondents who were members of the court of county commissioners of Calhoun county, commanding them to pay or allow said claim, and to issue a warrant in favor of said petitioner for the amount of $104. There was a rule *nisi* issued upon the filing of the petition. The respondents demurred to the petition, assigning several grounds which set up in substance that the petitioner had an adequate remedy for the collection of this claim by suit against the county, and further that it was not shown that the petitioner was entitled to a warrant for the amount claimed. This demurrer was overruled, and upon answer being filed and the cause being heard upon the evidence, the court rendered judgment granting the relief prayed for, and ordered that a writ of *mandamus* issue in accordance with the prayer of the petition. From this judgment the respondents appeal, and assign as error the overruling of their demurrer to the petition and the rendition of judgment granting the relief prayed for.

KNOX, ACKER & BLACKMON, for appellant.—The petitioner would not be entitled in any event to relief by *mandamus*. It is a well stttled rule, that to entitle a party to *mandamus*, he must have a special legal right, and no other legal remedy adequate to its enforcement; and if there is another adequate legal remedy, the writ of *mandamus* will not be granted.—*Ex parte McKissick,* 107 Ala. 493; *Sessions v. Boykin,* 78 Ala. 328; *Tarver v. Commissioners,* 17 Ala. 527.

If the petitioner was entitled to compensation for keeping the minutes, having presented his claim to the court and it having been disallowed, he came clearly within the provisions of section 13, Code of 1896; and was thereby authorized to bring suit against the county to fix its liability and enforce collection of his claim. He, therefore, had another adequate legal remedy, which under the rules, would bar the extraordinary remedy of *mandamus*.

[Scarbrough *et al.* v. Watson.]

J. J. WILLETT, *contra.*—*Mandamus* is the proper remedy in this case.—*Marengo County v. Lyles,* 101 Ala. 423.

McCLELLAN, C. J.—A claim against a county cannot be sued and recovered on unless it has been presented to the commissioner's court and been disallowed by that body; and the complaint must aver such presentation and disallowance.—Code, 1896, § 13; *Shinbone v. Randolph,* 56 Ala. 183; *Schroeder v. Colbert County,* 66 Ala. 137.

Recovery cannot be had in such cases on the common counts, no averment of presentation and disallowance being added. Hence it is that the case of *Marengo County v. Lyles,* 101 Ala. 423, was properly decided; but what is there said as to plaintiff's remedy being by *mandamus* is a *dictum,* unnecessary to the decision of the case, and unsound, unless the question was there affected by a local statute not mentioned in the report or opinion. The remedy in such case is by action under section 13 of the Code; and, it is plain, adequate and complete. The claim involved in this proceeding is of the class dealt with by that statute. The petitioner had this plain, adequate and complete remedy by action at law; and, having this remedy, he was not entitled to a *mandamus* to the county commissioners to pay it.

The judgment awarding the writ must be reversed, and a judgment will be here entered dismissing the petition for *mandamus.*

What we have said is not to be taken as intimating any opinion upon the validity of the claim.

Reversed and rendered.