# Southern Railway Co. *v.* Mayor and Aldermen City of Florence, *et al.*

*Action to recover License Tax paid to Municipal Corporation under Protest.*

1. *Payment of license tax under compulsion.*—In an action against a municipal corporation to recover money paid to such corporation as a license tax, such payment alleged to have been under protest and to escape criminal prosecution, the plaintiff having full knowledge of all the facts in the case, if the facts alleged show a voluntary payment and not an involuntary one, the count does not state a cause of action.

2. *Same; threats to begin criminal prosecution.*—A mere threat to bring a criminal prosecution does not amount to legal com-

pulsion, and a payment thereunder, with a full knowledge of all the facts of the case, through mistake or ignorance of law. is a voluntary payment.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. E. B. ALMON.

This is an action brought by the appellant, the Southern Railway Company, against the appellee, the Mayor and Aldermen of the City of Florence, to recover the sum of one hundred dollars paid by plaintiff to defendant, under an ordinance passed by appellee, fixing that amount as license for each bridge crossing the Tennessee River, any portion of which is within the corporate limits of Florence. The second count of the complaint alleged that said sum was paid under protest "that plaintiff had been notified by the officers of said city of Florence that unless said license tax was promptly paid, prosecution would be begun against this plaintiff for its non-payment, and a fine imposed under the ordinance of said defendant, *   * that said money was so paid under protest and because of said threatened prosecution, and to avert the same, and at the time of making said payment the plaintiff expressly reserved the.right to sue for the return of said amount so paid." The case was tried by the court without the intervention of a jury.

There was judgment for the defendant. From this judgment the plaintiff appeals and assigns the same as error.

MILTON HUMES and COOPER & FOSTER, for appellant.— Appellee had no right to tax a bridge across the Tennessee River. The power to impose such tax is not inherent in municipal corporations.—21 Am. & Eng. Enc. of Law, 782-3, 809; *Davis v. Pentrinovitch*, 112 Ala. 654. The greater portion of the bridge is without the city limits; the city cannot license a business outside its limits.

EMMETT O'NEAL, *contra.*—The boundary mark of a river is low water mark. Bridge was within corporate limits of Florence. The ordinance was legally passed. *Hutcheson v. Storrie*, 48 S. W. 785. All presumptions will.be indulged in favor of its validity. Same strictness is not required of municipal councils as is demanded

from the Legislature.—*Goldsmith v. City of Huntsville,* 120 Ala. 182. Record shows that ordinance was duly published; it does not show whether it was duly recorded or not; in the absence of any proof, the court will presume that it was properly recorded. Requirement that all ordinances be properly filed, merely directory.

TYSON, J.—This action was brought to rcover back money paid by plaintiff to defendant for a license to operate a toll bridge as required by an ordinance, because illegally collected.

Plaintiff bases its right of recovery upon the proposition that the ordinance under which the exaction was made and the money paid was and is void; and upon the further proposition that because only a portion of the bridge operated by it was within the city limits, therefore the action was illegal.

It is clear from this statement that plaintiff predicates his right of recovery upon a mistake of law. It is not insisted that there was any fraud or imposition or that plaintiff did not have full knowledge of all the facts.

The first question presented for our consideration is, whether the facts alleged in the second count of the complaint and proven upon the trial show the payment to have been involuntary. It is scarcely necessary to say that it was either voluntary or involuntary. If the facts alleged show a voluntary payment and not an involuntary one, the count does not state a cause of action and no recovery can be had upon it, although those facts may have been proven upon the trial.

The facts alleged are substantially these: Plaintiff had been notified by the officers of defendant municipality that unless the license tax was promptly paid, prosecution *would be begun* against it for its non-payment and a fine imposed under the ordinances of said city. The money was paid to the clerk of said municipality under protest, "because of said threatened prosecution and to avert the same and at the time of making said payment plaintiff expressly reserved the right to sue for a return of said amount so paid."

On the trial no more was proven, tending to show that the payment was involuntary than is here alleged. It

will thus be seen that the question is whether a mere *threat to begin* a prosecution which may or may not result in imposing a fine upon plaintiff, dependent of course upon its liability for the license tax paid by it and here sought to be recovered back, amounts to legal compulsion.

In 27 Am. & Eng. Enc. Law, (2d ed. p. 760) it is said, "where a party pays an illegal demand, with full knowledge of all the facts which render it illegal, without an immediate and urgent necessity therefor to release his person or property from detention or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and cannot be recovered back." In the 22 volume of the same work (page 616) it is said: "A payment will not, as a general rule, be considered compulsory because it was coerced by threats of a criminal prosecution." See cases also cited in note numbered 8, especially the case of *Buchanan v. Sahlein,* 9 Mo. App. 552, where the facts alleged were much stronger than here and yet the court held that the plaintiff did not state a cause of action.

In *Town Council of Cahaba v. Burnett,* (34 Ala. 404) the court said, "If the influence of the mere apprehension of judicial proceedings is legal compulsion—if, when a party, having the alternative to pay or submit to a judicial investigation, elects the former, he can be said to act under a legal duress, then the distrust of the adequacy of the courts to protect and maintain the right is justified, and it is acknowledged that the perils of justice and right in the judicial tribunals are so great as to deprive one of his free volition, and shield him from responsibility. The law does not recognize its amenability to such a reproach. In consequence of the imperfection incident to all that is human, wrong may sometimes prevail in the purest and wisest judicial tribunals; yet, in theory, there is in our law a security for every right, and a redress for every wrong; and the practical operation of the law corresponds, in the main, with its profession. No one can be heard to say, that he had the right and the law with him, but he feared his adversary would carry him into court, and that he would be unlawfully fined and

imprisoned; and that being thereby deprived of his free will, he yielded to the wrong, and the courts must assist him to a reclamation."

Other quotations from authorities might be indulged, showing that a mere threat to begin a criminal prosecution does not amount to legal compulsion, but these will suffice. Indeed, the principle seems to be universally recognized by the courts. It is clear, we think, no recovery can be had under the second count of the complaint, nor can one be had under the first count, which is simply for money received by defendant to the use of plaintiff, since under the evidence, the payment was voluntary. This, of course, renders it unnecessary to discuss any other question.

The judgment appealed from must be affirmed.

McClellan, C. J., Simpson and Anderson, J. J., concurring.