# City of Demopolis *v.* Marengo County.

### Assumpsit.

(Decided November 11, 1915.   70 South. 275.)

1. **Payment; Recovery; Voluntary; Void.**—The rule that the voluntary payment of money through mistake or ignorance of the law, with full knowledge of the facts, without fraud or imposition, cannot be reclaimed, does not apply where the payment was void ab initio, as where the court of county commissioners attempted to direct the disposition to a city of a portion of the tax directed by the constitution to be used only by the counties; the act of the board in such a case being beyond its authority as an administrative body, and void.

2. **Counties; Taxes; Disposition.**—Acts 1909, p. 304, directing the payment to cities of one-half of the special road tax provided for by § 215, Constitution 1901, is void since the legislature cannot change the disposition of funds made by the Constitution; hence, a payment to the city under the statute was the payment of an illegal claim and was recoverable by the county.

3. **Same; Power of Commissioners.**—County commissioners have no discretionary power to dispose of a special tax in any other way than that directed by the Constitution, and their acts in so doing is a misappropriation of the funds and void, rendering such payment no payment, and the city can not rely on the discretionary powers of the commissioners to defeat recovery by the county against it for such funds.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Marengo County against the city of Demopolis to recover money paid said city as part of the special road tax. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under act creating said court.

HENRY McDANIELS and PARTRIDGE & HOBBS, for appellant. WILLIAM CUNNINGHAME, and I. I. CANTERBURY, for appellee.

GARDNER, J.—This action was brought to recover from the city of Demopolis the sum of $750, which it had collected out of the treasury of said county, the same being a portion of the special road tax of 2½ mills collected by the said county under the latter clause of section 215 of our Constitution, and under the statutes adopted to give force and effect to same. The pleadings show that the tax money here used was raised by the levying and

collecting under the authority and power conferred by the latter part of said section 215 of the Constitution and the statute enacted to authorize the commissioners' court to levy the same for the use of Marengo county, and that it constituted no part of the general levy for general county purposes; that the said sum of $750 represented one-half of the special road tax fund collected by said county on property located within the corporate limits of the city of Demopolis, and that the said city claims said one-half under and by virtue of some supposed statute, allowing municipalities within the state one-half of such road tax; and that said city procured the commissioners' court of Marengo county to make the order, allowing the said sum of $750 out of said special road tax, the warrant for which was issued and collected by the said city and used by the city for the purpose of maintaining the streets and bridges within the city of Demopolis. The defense set up in the pleadings is to the effect that the payment by the commissioners' court was voluntary, with the knowledge of all the facts, without any fraud or coercion, and therefore could not be recovered in this action. It was further set up that the money had been used in good faith by the city in maintaining the streets and bridges within its corporate limits, which was a matter legitimately connected with the work of the county, and a matter over which the commissioners' court exercises a large discretion. It appears from what is here said that the fund, one-half of which was paid to the city and recovery of which is here sought, was the product of a special road tax within the influence and control of the latter portion of section 215 of the Constitution of 1901. It was a fund, therefore, that the Legislature was without power or right to direct its payment to the city for the construction or improvement of its streets and bridges. This is not questioned in the brief of counsel for appellant, and is now recognized as settled law in this state. A review of the authorities upon this question, therefore, is unnecessary, as they will be found collated in the recent case of the *County of Montgomery v. City of Montgomery,* 190 Ala. 366, 67 South. 311.

(1) The question treated and cited by counsel as of controlling importance on this appeal is that relating to that feature of the defense as to voluntary payments. Counsel rely upon the general proposition that where money has been voluntarily paid

through mistake or ignorance of the law, with the full knowledge of the facts and without fraud or imposition it cannot be reclaimed.—*Cahaba v. Burnett,* 34 Ala. 400; *N. O. &. Northern R. R. Co. v. Louisiana Construction Co.,* 109 La. 13, 33 South. 51, 94 Am. St. Rep. 395, and note. We are of the opinion that the general rule here sought to be invoked is without application in a case of this character. The following extracts from our own case of *Mobile County v. Williams,* 180 Ala. 639, 61 South. 963, which we here quote, are of interest in this connection: "A county is, in one sense, a corporation, and in that sense it has its officers or agents, who, when acting within the authority conferred upon them by law, may legally bind the county. In another sense a county is a political subdivision of the state, created for the purpose of aiding the state in the administration of the government of the state. In this latter sense a county is an arm of the state; its officers are public officials, and are officers holding office under the laws of the state within the meaning of our Constitution; and their compensation is fixed by law. When, within the scope of their powers as fixed by statute, the county commissioners of a county are dealing simply with the business affairs of the county, such commissioners are, in fact, the agents of the county, considered as a corporation, and they may bind the county just as the agents of any other corporation may bind the corporation of which they are the agents, so long as they act within the actual scope of their authority. When, however, the members of the court of county commissioners of a county act in the other and broader field—when they leave the realm of business and are acting in their capacity as 'officers holding the office under the laws of this state'—their acts can confer no more rights upon persons claiming through such acts than do the acts of any other public official, or set of public officials, of the county or state. It may be well to bear this distinction in mind, for the act of a public official, no matter what his apparent authority may be, which he is not authorized to perform, is void, not merely voidable, and confers no rights of any sort upon any one. 'All who deal with officers or agents of the government must inquire at their peril into the extent of their powers.'—*State ex rel. Lott v. Brewer,* 64 Ala. 287.

"A void thing is no thing. It has no legal effect whatsoever, and no rights whatever can be obtained under it or grow out of

it. In law it is the same thing as if the void thing had never existed.—Words and Phrases, vol. 8, p. 7332.  *   *   *

"The law in this state is well settled that the court of county commissioners of a county, in auditing and allowing claims against the county, acts in an administrative capacity only, and that the allowance of a claim by such a court is prima facie evidence only of its correctness. When 'a claim is allowed which is not legally and properly chargeable against the county, the commissioners' court exceeds its authority, the allowance of the claim is void, and the county is not estopped from disputing its liability.'—*Commissioners' Court v. Moore*, 53 Ala. 25. In such a case, 'if the funds are in the treasury of the county to pay the same, and the county treasurer should be proceeded against for a failure to pay on demand, it would be his duty to set up in defense the invalidity of the claim.'—*Commissioners' Court v. Moore, supra.* 'If the record should show affirmatively that the court has allowed a claim not legally chargeable on the county, the allowance of which' is in 'excess of the authority with which the court is intrusted, the allowance would be void.'  *   *   *

"There appears to be no doubt about the proposition, so far as the laws of Alabama are concerned, that when a public officer collects money from a county, as fees or compensation for services rendered by him, and to which fees or compensation he is not legally entitled, such county can maintain a suit for the recovery of the money so illegally obtained by him and recover the same. We can properly quote as applicable to the facts of the present case the following from the Supreme Court of Indiana: 'The rule preventing the recovery of money voluntarily paid has no application under the facts in this case. As charged in the complaint, the claims were allowed, and the money paid, without legal authority for so doing. In view of the alleged facts, those claims were not only allowed in violation of law, but they were presented by the appellee, and the money of the county unlawfully received by him, and he is chargeable with knowledge of the illegal acts. It was not payment by the county. The latter, as the principal, had no part in the payment. It could not, as a public corporation, be held to consent to the payment of, or expenditure of, the public money in defiance of law. Awarding to the appellee this money, under the alleged facts, was in a legal sense, equivalent to an unlawful appropriation of the

county's money to his own use by the aid of its board of commissioners. The allowance and payment of the money being unlawful, the commissioners did not act within the scope of their authority, and therefore did not bind the county.' "

Some authorities are also found collected on page 424 (94 Am. St. Rep.) of the note to the case of *N. O. & Northern R. R. Co. v. La. Construction Co., supra.* Under one of the cases cited in said note, *The Village of Ft. Edward v. Fish,* 156 N. Y. 363, 50 N. E. 973, it was said in the opinion that the doctrine of voluntary payment "applies to individuals who have power to do as they wish with their own, but it does not apply to an agent of a municipal corporation who pays out its money without power, to one who accepts it with knowledge.   *   *   *   Such a payment is not voluntarily made by the corporation, but by its agent in excess of his authority and in defiance of its rights."

(2) So, in the present case, it is conceded by counsel that the court of county commissioners acted upon a supposed authority of an act of the Legislature of August 26, 1909 (Acts Sp. Sess. 1909, p. 304), and that under the decisions of this court such appropriation by the commissioners' court of this portion of the special road tax was without authority and void, for that the act upon which said court rested its action was in violation of the latter part of section 215 of the Constitution. That provision of the Constitution stipulated that this tax in question should be applied exclusively to the purpose for which the same was levied and collected, and which, according to the decisions of this court, were the public roads of the county and not the streets of the cities. When, therefore, the city of Demopolis presented this claim for payment, it presented and demanded the payment of a void and illegal claim, and when the same was paid, the said city received money to which it had no legal, valid, or just claim.

(3) As said by this court in *Mobile County v. Williams, supra*: "This was, in a legal sense, a misappropriation by the appellee, through the court of commissioners of the county, of the public funds of the county. 'It was no payment by the county. The latter, as the principal, had no part in the payment. It could not, as a public corporation, be held to the consent to the payment of, or expenditure of, the public money, in defiance of law. Awarding to the appellee this money, under the alleged

facts, was, in a legal sense, equivalent to an unlawful appropriation of the county's money to his own use by the aid of its board of county commissioners.' "

There is no room here for the appellant to invoke the rule as to the discretionary power of the court of county commissioners over the public roads of the county or funds expended for that purpose. As to this special road tax the Constitution was explicit, and under the decisions of this court they were without authority to appropriate this fund, or any portion thereof, to the city of Demopolis for its streets. Acting, therefore, in excess of their authority, the order made was void, and the payment of the money amounted to a misappropriation of the funds of the county and the authorities herein cited clearly show a right of recovery therefor. The briefs of counsel have treated the rulings of the court below on the pleadings as properly presenting the meritorious questions here involved on which to base our determination of the case, and we have so considered the same, without any specific reference to the particular pleadings shown. Our conclusion is that the judgment of the court below be affirmed, which is accordingly done.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.