156 So. 631

### ESCAMBIA COUNTY v. DIXIE CHEMICAL PRODUCTS CO.

### 3 Div. 111.

Supreme Court of Alabama.

June 21, 1934.

Rehearing Denied Oct. 11, 1934.

C. B. Fuller, of Andalusia, for appellee.

G. W. L. Smith, of Brewton, for appellant.

FOSTER, Justice.

This is a suit by appellee for the value of disinfecting material sold by it to the sheriff of Escambia county to enable him to keep the jail "clean and free from offensive odors" within the meaning of section 221, Code.

Section 220, Code, makes it the duty of the county commissioners to make an appropriation for the purposes expressed in subdivision 1, section 231, Code. By the latter section it is provided that claims shall have first priority out of the county treasury, which arise from costs for such expenditures as are set forth in section 221, Code. That section does not authorize the sheriff to contract for such supplies until an appropriation is made as in section 220. It therefore does not authorize him to contract or bind the county except within the appropriation made by the county commissioners.

Ordinarily the sheriff has no right to contract so as to bind the county, and may do so only as he is authorized by law. Mo-

bile County v. State, 172 Ala. 155, 54 So. 995. The legitimate debts of a county are of two classes: (1) Those created by law, termed "involuntary"; (2) those in which the law permits counties to exercise a measure of discretion. Brown v. Gay-Padgett Hdwe. Co., 188 Ala. 423, 66 So. 161; Naftel v. County of Montgomery, 127 Ala. 563, 29 So. 29; Weakley v. Henry, 204 Ala. 463, 86 So. 46; Van Eppes v. Commissioners' Court of Mobile County, 25 Ala. 460.

■ A county may be held liable in a suit on the common counts in implied assumpsit for labor, material, or money accepted by it within the range of its contractual powers. Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823; Scarbrough v. Watson, 140 Ala. 349, 37 So. 281; Montgomery County v. Barber, 45 Ala. 237.

But a county can only accept the use of such material by those county officers or agents who could have so contracted expressly.

■ The discretion to fix an appropriation for the purpose here involved is left by section 220 to the county commissioners. They, therefore, alone can so accept such material as to bind the county when its purchase either exceeds the appropriation or is made without one, and without their sanction. Section 186, Code. The authority of the sheriff does not exceed the terms of section 221 in respect to binding the county. Those provisions are mandatory, and any other right to contract by him to bind the county in that regard is impliedly prohibited.

■ When he did not pursue the mandatory provisions of the law, his contract of purchase was not merely not authorized, but was illegal and prohibited. When such material is so purchased, its use by him without the sanction of the county commissioners imposes no implied liability on the county. 84 A. L. R. 954; Litchfield v. Ballou, 114 U. S. 190, 5 S. Ct. 820, 29 L. Ed. 132; Bluthenthal v. Headland, 132 Ala. 249, 31 So. 87, 90 Am. St. Rep. 904; Cottonwood v. Austin, 158 Ala. 117, 48 So. 345; General Electric Co. v. Ft. Deposit, 174 Ala. 179, 56 So. 802.

A contrary view would wholly upset the discretion which the law vests in the county commissioners. Section 186, Code.

■ The question was presented by the general issue to the common counts.

We see no useful purpose to be accomplished by reviewing separately all the rulings assigned as error.

The plaintiff did not show a right to recover based upon either a valid express contract of sale or one implied by law from the use of the material by authority of such county officers as could bind the county by an express contract under the circumstances shown.

The defendant was therefore due to have been given the affirmative charge which was requested and refused.

Reversed and remanded.

THOMAS, BOULDIN, and BROWN, JJ., concur.