198 So. 245

### RICE v. TUSCALOOSA COUNTY.

#### 6 Div. 602.

Supreme Court of Alabama.

Jan. 25, 1940.

Rehearing Denied April 4, 1940.

Foster, Rice & Foster and J. Gordon Madison, all of Tuscaloosa, for appellant.

E. L. Dodson and L. C. Bell, both of Tuscaloosa, for appellee.

---

**PER ·CURIAM.**

██ Upon consideration of this cause in consultation, the Court concludes that the judgment of the court below is due to be affirmed, both upon application of our non-claim statute, Code 1923, § 228, and up-on the principle of law applicable to voluntary payments. The Court deems unnecessary a discussion of these questions further than to state disagreement with the theories set forth in the dissenting opinion, which take this case from without the influence of said non-claim statute and the principle applicable to voluntary payment of money.

The judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.

GARDNER and FOSTER, JJ., dissent.

GARDNER, Justice (dissenting).

This cause was originally assigned to the writer, and the following opinion prepared. But upon consideration of the cause in consultation, the opinion did not meet with the approval of the majority of the Court. However, the writer considers the question of importance, and therefore adopts the opinion originally prepared as expressive of his views in dissent, in which Mr. Justice FOSTER joins.

As we understand the argument of counsel for the respective parties to this litigation, there are two main points stressed upon which the ruling of the learned trial judge is sought to be sustained. The first relates to the statute of non-claim, and the second rests upon the principle of voluntary payment.

The court below placed its ruling upon the statute of non-claim, and we give first consideration to that question. It is clear enough that plaintiff paid these fees—here sought to be recovered—upon the presumed validity of sections 370-A and 370-B of the General Revenue Act of 1935 (General Acts 1935, pages 564, 565), subsequently invalidated as in violation of our Constitution. Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455. This authority, considered in connection with Houston County v. Martin, 232 Ala. 511, 169 So. 13, suffices to show plaintiff had a vested title in these fees. We do not understand there is any serious controversy in that respect.

But defendant insists plaintiff's claim was not presented for audit and allowance (section 224, Code of 1923) within twelve months after it accrued or became payable, as required under section 228, Code of 1923.

The pivotal question, therefore, is, when did plaintiff's claim accrue or become payable within the meaning of our statute of non-claim? Defendant insists that the claim accrued and was payable on the date the money was paid over to the custodian of the county funds, and that so considering that as the date of accrual, the statute of non-claim had created a bar.

Much reliance is had upon Montgomery County v. City of Montgomery, 195 Ala. 197, 70 So. 642, as being more nearly in point. But in that case the only matter before the public officials was the construction of a statute, concerning which no presumption was available as a guide to the public authorities.

Here, plaintiff, as a public officer, paid these fees over to the county in obedience to a law presumably valid in all respects.

In Irwin v. Jefferson County, 228 Ala. 609, 154 So. 589, 590, speaking of the disbursing officer, the Court said: "But the act was presumably constitutional (12 C. J. 791), and the argument overlooks the principle recognized in the decisions expressing the majority view, that the disbursing officer may well rest upon the title to the office conferred by virtue of the act presumably valid, and is not required to search further and determine its constitutionality."

And in Cooper v. Hawkins, 234 Ala. 636, 176 So. 329, 331, the following language is to like effect: "Nor need we advert to the fact that the rule of public policy which charges all persons with knowledge of the laws of the land has exceptions when applied to public officers and others acting on the presumption that laws enacted by the law-making body are valid, until they are declared invalid. Irwin v. Jefferson County, 228 Ala. 609, 154 So. 589. Section 2619 of the Code expressly extends protection to an officer paying out as well as the person receiving public moneys pursuant to positive statute prior to an adjudication that it is invalid."

But defendant insists these authorities are inapplicable as they have reference to public officials, and that the fees paid over by plaintiff were so disbursed by him as the owner thereof, and constituted a personal rather than an official act.

We need not stop to inquire as to the materiality of the distinction thus made in argument for the reason that, in our opinion, the premise upon which the argument rests is unsound. Plaintiff received these fees as a public official, and under the law as it was written he was under duty, as such official, to pay them over to the county. As such official he was accountable to the county, and chargeable therewith as a trustee in invitum, with a penalty attached for a failure to account. Houston County v. Martin, 232 Ala. 511, 169 So. 13; Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455.

So considered, therefore, plaintiff had the legal right, in making these disbursements, to assume the validity of the law under which the disbursement was made, without any duty on his part to search further and determine for himself its constitutionality. Perhaps he entertained the conviction there was no constitutional inhibition against the limitation upon his 'earnings as probate judge. See, dissenting opinion in Houston County v. Martin, supra. But, however that may be, he had the right to assume that the law, as passed by the legislature, was valid and binding, and to make the disbursement upon the strength of such assumption.

It subsequently developed, however, that the law was invalid, and those judges of probate who retained the fees and declined to obey the law as written could do so with impunity. The fees they thus retained were theirs, and the counties, having no interest therein, could of course raise no objection to their retention.

Plaintiff, however, saw fit to give obedience to the written law, presumably valid, and the answer to his suit for a recovery of these fees, which belong to him, is the statute of non-claim.

That plaintiff did file his claim within the twelve months' period following a binding and authoritative pronouncement by the Court that the act was invalid, is not questioned.

The question, therefore, for consideration, is, when under the statute of non-claim did plaintiffs claim become payable? Was the time to be computed from the date of disbursement, as in Montgomery County v. City of Montgomery, supra, or should it date from the authoritative pronouncement of the invalidity of the law under which the disbursement was made? We are persuaded that logic and common sense lead to an acceptance of the latter date. Certainly this is in accord with our sense of justice and fair play.

The statute of non-claim does not serve to destroy or extinguish the debt. It relates to the matter of remedy only, as we had occasion recently to observe. Covington County v. O'Neal, Ala.Sup., 195 So. 234. The county has received money which belongs to plaintiff. It is still the money of the plaintiff. But he is told he can have no judgment for its recovery for the sole reason that he followed the law as it was on the statute books, and which he had a right to assume was entirely valid and binding. Certainly if plaintiff considered the law valid, he could not have conscientiously made oath to any claim he may have desired to present. And it is clear enough he would not consider, in any event, there was any reasonable probability that the court of county commissioners would allow any such claim in the very teeth of the statute.

We do not understand any of the discussions found in the opinion of Norwood v. Goldsmith, 168 Ala. 224, 53 So. 84, to have been intended as a qualification of the statement in State ex rel. Norwood v. Goldsmith, 162 Ala. 171, 50 So. 394, to the effect that "the audit and allowance of claims against the county is the exercise of administrative or executive, not of judicial power." And clearly as applicable to this case, it cannot well be argued that the court of county commissioners was such a court as to be expected to act in a judicial capacity, and condemn the statute as violative of our Constitution.

These observations are made merely for the purpose of demonstrating the impracticability of a presentment by plaintiff of any claim for such fees prior to any authoritative pronouncement of invalidity of the law under which they were paid.

The statute of non-claim should, like all other statutes where ambiguity arises, be construed in the light of reason and common sense.

Under the law plaintiff was due to disburse these fees to the county's general fund. Presumably the law under which this duty arose was valid. Presumably also, therefore, he had no claim against the county until an authoritative pronouncement by the court held otherwise. When such pronouncement occurred, his claim for reimbursement arose, and the statute of non-claim properly dates therefrom.

We have heretofore had no occasion to construe the statute of non-claim presenting circumstances as here disclosed. Our attention is directed, however, to a number of cases from the Supreme Court of South Carolina holding in effect that under circumstances such as here disclosed, no presentation at all was to be expected, as the "county board", as there called, had no power to decide the question, saying: "It is foolish to say that the county board has exclusive original jurisdiction of a matter in respect to which its favorable action would be a nullity." Gamble v. Clarendon County, 188 S.C. 250, 198 S.E. 857, 863; Salley v. McCoy, 182 S.C. 249, 189 S.E. 196; Ridgill v. Clarendon, 188 S.C. 460, 199 S.E. 683.

We need not express full agreement with all that is said in those opinions upon this question, though they serve well to illustrate the point.

In the first place, we think the claim filed by plaintiff demonstrates that it need be audited (sections 224, 225, Code of 1923), and duly presented as required by section 228, Code of 1923 (see, also, section 5680, Code); and that plaintiff's claim does not come within any excepted class.

The point of our decision relates to the date of its accrual, or the time when it becomes payable. We have stated our conclusion that under circumstances as here disclosed this period of time is the decisive determination by the court that the law under which plaintiff acted was declared invalid.

Defendant insists that such a holding defeats the purpose of the non-claim statute; that the county authorities have used the money in previous years, and to be required to now refund would disturb and upset the budget of the county for the year.

But as we view it, this is but an argument upon the inconvenience of being required to pay, an argument which should not stand in the way of a fundamental right. And considered from the standpoint of inconvenience, we still think the argument untenable. Under the express language of section 186, Code of 1923, the court of county commissioners may well have made provision for plaintiff's claim.

This suit was filed in April 1939, and the claim itself was presented in August 1938. Under the decisions of this Court, which had been rendered previous to these dates, the fees which plaintiff had paid to the county belonged to him, and this the county

authorities presumably knew. Whether they would be able to defeat their recovery was of course uncertain. But in any event, they were aware plaintiff's claim came within the meaning of "equitable claims or demands" treated in said section 186, supra. Therefore the county authorities had ample opportunity to set aside this fund as a contingent liability, and fix the county's budget for the next fiscal year beginning October first in accordance with such contingent appropriation. If, therefore, inconvenience results, it must be said to rest upon a failure to guard against a contingent liability. But, as we have previously observed, any mere matter of inconvenience is not to defeat a fundamental right.

Based upon the broad ground of public policy, the law favors the payment in full of the compensation allowed by law to public officials. And that no consideration of the principles of waiver or estoppel stand in the way of plaintiff's recovery, is well settled by the case of Hamilton v. Edmundson, 235 Ala. 97, 177 So. 743, wherein numerous authorities are reviewed.

Indeed, we do not understand counsel for defendant to seriously contend otherwise. That plaintiff acted promptly and in due time under the statute, as here construed, is not controverted. It follows, therefore, that the non-claim statute presents no bar to recovery.

This conclusion renders unnecessary a consideration of the further insistence based upon the theory of a mutual account, and that question is therefore left to one side and undetermined.

Upon the defense of voluntary payment little need be said. Plaintiff disbursed this money and paid these fees to the county under a mistake of law, but with knowledge of all the facts. There was no fraud or improper conduct on the part of the county payee. And under the weight of authority, uninfluenced by statute to the contrary, it is a voluntary payment, and recovery is to be denied. 48 Corpus Juris 755. Our own cases are in accord with this view. Southern Rwy. Co..v. City of Florence, 141 Ala. 493, 37 So. 844, 3 Ann. Cas. 106; National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Traweek v. Hagler, 199 Ala. 664, 75 So. 152; Hemphill v. Moody, 64 Ala. 468; Cahaba v. Burnett, 34 Ala. 400; Raisler v. Mayor, etc., of Athens, 66 Ala. 194. Payment made under an unconstitutional statute is a payment under a mistake of law. 48 Corpus Juris 759; 21 R.C.L. 162.

The rigid application of this rule of voluntary payment has confessedly resulted in many "hard cases" (48 Corpus Juris 756), and the writer, speaking for himself alone, is of the opinion it has often been pressed to unnecessary extremes. It is the settled law, however, and must be observed by the courts.

But we are of the opinion the instant case is influenced by our statute (section 186, Code of 1923), and the rule of voluntary payment is of consequence here to be relaxed. And though section 2619, Code of 1923, is not strictly applicable to the facts of this case, yet it tends to illustrate the legislative thought in matters of this general character. The reason of the rule concerning voluntary payment rests upon grounds of public policy and convenience. 21 R.C.L. 143; 48 Corpus Juris 756, note (a); Hemphill v. Moody, supra. The language of section 186 of the Code is broad enough to embrace an equitable claim, such as plaintiff has in this case. This statute, as now enacted, is an enlargement of the original act and covers a broader field. See, General Acts 1915, page 704, and General and Local Acts, Special Session 1920, page 154.

The language of this statute clearly indicates a legislative policy that payments made under a void act may be refunded by the county without regard to the rule governing voluntary payments, and that the rule in such cases is to be ignored.

But defendant says this statute is not compulsory, but permissive only, citing Escambia County v. Dixie Chemical Products Co., 229 Ala. 287, 156 So. 631. This is not, however, here of controlling importance.

The question of moment is whether or not the legislature had demonstrated a different policy in cases of this character, and a waiver of the strict requirements which inhere in the rule applicable to voluntary payments. We think it has, and so considered, we are of the opinion plaintiff is not to be denied his recovery upon this theory of the case. And this conclusion is further strengthened by consideration of the principle that payments made by public officers under mistake of law may be recovered. 48 Corpus Juris 757; City of Demopolis v. Marengo County, 195 Ala. 214, 70 So. 275. This money was paid by

plaintiff as a public officer, and in obedience to a statute requiring an accounting. And on the grounds of public policy, we have held that as to such compensation he could not lawfully reduce his earnings by consent. Hamilton v. Edmundson, supra. Of course, plaintiff could doubtless have donated his earnings to the county if he saw fit. But it appears clear enough there was no such intention, as he only intended compliance with a law presumably valid.

Lastly it is suggested, though apparently not seriously argued, that the constitutional amendment ratified in December 1935 by election duly held (General Acts 1935, page 1170 [passed September 13, 1935]) validated sections 370-A and 370-B of the General Revenue Act. But we think it clear enough this amendment had reference to the salary act passed prior to the submission of the amendment, which was to become effective upon its adoption. Local Acts 1935, page 62, approved June 12, 1935. Practically all the fees here involved were earned prior to the adoption of this local amendment, which adds force to the conclusion as to its true meaning, in view of the provision of our State and Federal Constitutions. Houston County v. Martin, supra.

It results as my conclusion there was error in the ruling sustaining the demurrer to the complaint, and that the judgment should be reversed and the cause remanded. I therefore respectfully dissent.

FOSTER, J., concurs in the foregoing opinion.

On Rehearing.

PER CURIAM.
Application for rehearing overruled.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.

GARDNER, FOSTER, and KNIGHT, JJ., dissent; KNIGHT, J., joining in the dissenting views of Justice GARDNER hereinabove set forth.