4 So.2d 497

## RICE v. TUSCALOOSA COUNTY.

### 6 Div. 800.

Supreme Court of Alabama.

Oct. 30, 1941.

Rehearing Denied Nov. 27, 1941.

Foster, Rice, Madison & Rosenfeld, of Tuscaloosa, for appellant.

E. L. Dodson and Jones, Dominick & McEachin, all of Tuscaloosa, for appellee.

HARRIS, Special Justice.

The appellant was judge of the Probate Court of Tuscaloosa County from December 15, 1934, to November 15, 1936, during which time the method of his compensation was what is commonly known as the fee system.

By Sections 370-A and 370-B of the General Revenue Act of 1935, General Acts 1935, pp. 256, 564, 565, approved July 10, 1935, the legislature attempted to limit the compensation of all probate judges in the state, except the few who were by virtue of local acts compensated by salary, to six thousand dollars per annum; these sections by their terms required that all earnings of the office in excess of the stated amount and of certain fixed allowances for office expenses, be paid by the probate judge into the county treasury. October 1, 1935, was fixed as the effective date of the limitation.

During the three month period from October 1, 1935, to January 1, 1936, the earnings of the office held by appellant amounted to approximately thirteen thousand dollars in excess of the fixed allowances for office expenses.

Appellant, acting on the assumption that §§ 370-A and 370-B of the General Revenue Act of 1935 were valid, paid to appellee the approximate sum of seven thousand dollars, representing the earnings of the office over and above compensation to appellant in the amount of six thousand dollars and office expenses.

On June 30, 1938, the Supreme Court of Alabama in the case of Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455, rendered judgment declaring said §§ 370-A and 370-B to be unconstitutional and void. It was after this decision, and not until August 20, 1938, that appellant presented his claim to the county for a refund of excess earnings which he had paid to it on the theory that his compensation had been limited by these sections of the revenue act. Upon the disallowance of his claim appellant filed suit against the county. In that suit the circuit court sustained a demurrer to the complaint and, because of that adverse ruling, appellant took a nonsuit and appealed. Code 1923, § 6431, Code 1940, Tit. 7, § 819. On appeal the judgment of the circuit court was affirmed by a divided court, the majority holding that appellant's claim against the county accrued on the date he paid the money to it, and, no claim having been presented to the county within twelve months after that date, the claim was barred by our statute of nonclaim (Code 1923, § 228, Code 1940, Tit. 12, § 118), and also that the money having been paid voluntarily with knowledge of all the facts could not be recovered. Rice v. Tuscaloosa County, 240 Ala. 4, 198 So. 245.

Appellant later brought this second action to recover the same money sought to be recovered in the first, and the circuit court sustained demurrer to the complaint, raising the questions decided in the first action and the further point that the action was barred by the judgment in the first action, a question not necessary to be passed upon on this appeal.

The complaint consists of five counts. It does not appear from either of the last four counts that appellant presented his claim to the county within twelve months after the payment, but it is averred in two of these counts that claim was presented within twelve months after the decision in Houston County Board of Revenue v. Poyner, supra. It is alleged in the first count that the money was paid to the county in various amounts at various times, the last payment being in May, 1938, and that the claim was presented on August 20, 1938, within twelve months after the last payment.

The point for decision in so far as the statute of nonclaim is concerned, as pointed out in the dissenting opinion in Rice v. Tuscaloosa County, supra, is: When did appellant's claim accrue or become payable? Appellee contends that the true date is that on which the money was paid to the county, while appellant says that it is the date on which the Supreme Court of Alabama declared §§ 370-A and 370-B to be invalid.

After considering the applicable authorities, I am fully persuaded that the law of the case as to this feature is with the appellee.

It is unquestionably true that the sum of money in controversy was the property of

the appellant and that the county did not have a valid claim to it. It is also true that appellant paid his money to the county and received nothing in return. But it must also be considered that a statute of this state requires that: "Claims barred if not presented.—All claims against counties must be presented for allowance within twelve months after the time they accrue, or become payable, or the same are barred, unless it be a claim due to a minor, or to a lunatic, who may present such claim within twelve months after the removal of such disability."

This statute of nonclaim (Code of 1923, § 228) is a part of a comprehensive statutory scheme governing the financial affairs of counties. It is a matter of common knowledge that the annual expenditures of counties closely approximate their revenue for corresponding periods. Fiscal years are established and the law requires the adoption of budgets. One purpose of the statute of nonclaim and the fixing of the twelve month period within which claims against a county can lawfully be presented is to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past.

A hypothetical case aids in the solution of this question. Suppose that appellant, on the day after he paid the money to the county, had decided to contest the validity of the limitation on his compensation, and had filed claim against the county, and upon the disallowance of his claim had filed suit for recovery of the money paid. In this suit, leaving aside for the present the principle of voluntary payment, the plaintiff would have prevailed, because the statute limiting his compensation was unconstitutional and would have been so declared.

It thus appears that the claim in question accrued and became payable on the day the money was paid to the county. This position is well supported by the authorities.

The case of Montgomery County v. City of Montgomery, 195 Ala. 197, 70 So. 642, is conclusive on this point. That case was an action by the county against the city to recover money paid under a statute afterwards held unconstitutional (City of Montgomery v. Montgomery County, 185 Ala. 281, 64 So. 588; County of Montgomery v. City of Montgomery, 190 Ala. 366, 67 So. ·311), and the defense was the statute of nonclaim applicable to cities. The Court held that the claim of the county accrued on the day it paid the money to the city. Mr. Justice Thomas wrote the opinion of the Court, in part as follows [195 Ala. 197, 70 So. 643]:

"Here the property in dispute is money paid out under a supposed authority of law, a statute afterwards construed by this court and held not to warrant the payments in question. Both city and county officials acted under an honest misapprehension of the law. There is no pretense that fraud was committed by any one. The city, under a mistake of law, received the money now claimed by this suit, and has no doubt disbursed it to third parties, in the application of this road and bridge fund. The county did have a proprietary right, and so, an alienable title to its moneys. * * *

"The statute in question (section 1191, Code) is not technically a statute of limitations, but is one of nonclaims (Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256), and is analogous to the statute requiring presentation of claims to an administrator within a prescribed time, and providing that on failure to be so filed they shall be barred. A similar statute of nonclaims, in favor of counties, section 150 of the Code of 1907, has been applied to the claims of a city against a county. [State ex rel.] City of Mobile v. Board of R. & R. Com'rs, 180 Ala. 514, 61 So. 814. * * *

"When the payment was made by the county to the city under a misapprehension of the law, it became an accrued claim in favor of the county, and a liability of the city, as of that date (Mobile County v. Williams, 180 Ala. 639, 61 So. 963), and, of necessity, the statute of nonclaims began to run from such date of accrual (Clarke v. School District, supra [84 Ark. 516, 106 S.W. 677]; Johnson v. Black, supra [103 Va. 477, 49 S.E. 633, 68 L.R.A. 264, 106 Am.St.Rep. 890])."

Closely analogous is the rule that money paid under a mistake of fact may be recovered without any demand for its return prior to the commencement of the action. Rutherford v. McIvor, 21 Ala. 750; Hinds v. Wiles, 12 Ala.App. 596, 68 So. 556; Smith v. Baldwin, 237 Ala. 423, 187 So. 192.

In Leather Manufacturers' National Bank v. Merchants' National Bank, 128 U.S. 26, 9 S.Ct. 3, 5, 32 L.Ed. 342, Mr. Jus-

tice Gray wrote: "Whenever money is paid upon the representation of the receiver that he has either a certain title in property transferred in consideration of the payment, or a certain authority to receive the money paid, when in fact he has no such title or authority, then, although there be no fraud or intentional misrepresentation on his part, yet there is no consideration for the payment, and the money remains, in equity and good conscience, the property of the payer, and may be recovered back by him, without any previous demand, as money had and received to his use. *His right of action accrues, and the statute of limitations begins to run, immediately upon the payment.*" [Italics supplied.]

There are many similar holdings supporting the view that the claim accrued on the date the money was paid, some of which are: Morton v. City of Nevada, C.C., 41 F. 582, 583; Parsons v. City of Rochester, 43 Hun, N.Y. 258; City of Louisville v. Weikel, 137 Ky. 784, 127 S.W. 147, 128 S.W. 587; Clarke v. School District, 84 Ark. 516, 106 S.W. 677; People ex rel. First National Bank v. Schadt, 237 App.Div. 233, 261 N.Y. S. 849. Not one to the contrary has been cited.

It is a sufficient answer to appellant's contention that his claim did not accrue until the decision in Houston County Board of Revenue v. Poyner, supra, to say that this decision was merely an authoritative declaration of a situation which had existed since the approval of the General Revenue Act of 1935. It did not confer any rights on appellant which had not existed formerly.

■ It results that the circuit court properly sustained the demurrers to counts 2, 3, 4 and 5 of the complaint because of their failure to aver presentation of claim within the time required by law. Code of 1923, § 5680, Code 1940, Tit. 7, § 96; Scarbrough v. Watson, 140 Ala. 349, 37 So. 281.

Count 1 alleges payment of various sums on various dates and while it may have been subject to demurrer on the ground of stating more than one cause of action, this point was not raised by apt ground of demurrer. It avers presentation of the claim within twelve months after the last payment, and therefore necessitates consideration of the principle of voluntary payment.

■ The rule that money voluntarily paid with knowledge of all the facts and by reason of a mistake of law cannot be recovered, has been rigidly applied in Alabama. Southern R. Co. v. City of Florence, 141 Ala. 493, 37 So. 844, 3 Ann. Cas. 106; National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Town Council of Cahaba v. Burnett, 34 Ala. 400.

To avoid the effect of this rule reliance is placed upon a statement of 48 Corpus Juris, p. 759, § 317, as follows: "Money paid under an unconstitutional or invalid statute or ordinance, without any circumstances of compulsion is paid under a mistake of law, and so cannot be recovered, except in so far as recovery is permitted under the rule adopted in most states that payments made by public officers under mistake of law are recoverable."

The cases cited in support of the statement that payments made by public officers may be recovered are those in which the state or municipal corporation sought to recover public moneys unlawfully disbursed by public officers. The reasoning underlying the holding in these cases that the principle of voluntary payment is not applicable to such situation, is that the public officer who made the payment under mistake of law exceeded his authority, and that such payment is a misappropriation of the public money, not binding on the state or its governmental agency. City of Demopolis v. Marengo County, 195 Ala. 214, 70 So. 275; Mobile County v. Williams, 180 Ala. 639, 61 So. 963; Montgomery County v. City of Montgomery, supra.

It is also suggested that Sections 186 and 2619, Code of 1923, Code 1940, Tit. 12, § 110, Tit. 41, § 58, take this case out of the general rule. For a better understanding of the case these sections are here set out.

"186. Equitable claims or demands against county; mode of payment provided. —The court of county commissioners, board of revenue, or other governing body of any county may appropriate from the general or special funds of the county, such sums of money as such governing body shall determine from time to time for the following purposes: First, to reimburse any person, firm or corporation, who in good faith has performed service, advanced money, or property for the use of the county, or who has in good faith bought county warrants issued under invalid acts of the legislature for tick eradication or for building public roads. Second, to refund to any person, firm or corporation, money, or compensate

him or it for services rendered or money or property advanced and devoted to the use of the county, in procuring funds for carrying on road improvement, tick eradication, or any lawful public work, where, after the advancement of such money, or property, or the rendition of such service, it was declared by decision of the supreme court, or by the decision of the attorney-general that the county was without authority to pay such claims, on account of a defect in any law or any other reason."

"2619. Officer paying and person receiving money paid under void law, not liable therefor.—When any state or county official shall have collected or paid out any money, as fees, salary or compensation for official services rendered under any law of Alabama, general or special, which law, subsequent to such collection or paying out, shall be declared by the supreme court of Alabama to be unconstitutional or void or illegal, such officer shall not be liable, either individually or on his official bond, in any suit brought for the recovery of such money, so collected or paid out, nor shall the person to whom the same shall have been paid, be liable therefor."

These statutes were evidently intended to provide relief from hardships, in the instances enumerated, brought about by action induced by mistake of law, but manifestly neither of them applies to the facts here involved.

 Section 186 is not a mandate to the county governing body; on the other hand, it confers a discretionary authority to make payment of certain equitable and moral claims against a county. Escambia County v. Dixie Chemical Products Co., 229 Ala. 287, 156 So. 631. Its field of operation ceased when the board of revenue denied appellant's claim.

█ It may be that if the legislature, at the time of the enactment of Section 2619, had possessed sufficient foresight to conceive the situation here presented, it would have written the statute so as to make provision therefor. But such assumption does not authorize a court to supply the omission. For a court to do so would be for it to invade the province of the legislature, and confusion and uncertainty would result.

On this phase of the case, I must confess that the original theory advanced by the present Mr. Chief Justice Gardner, and the very able argument made by him in support thereof in his dissenting opinion on the appeal of the first case (Rice v. Tuscaloosa County, supra), have given me much difficulty. As I understand his argument it is that the principle denying recovery of money voluntarily paid under mistake of law rests upon grounds of public policy and convenience; that public policy also favors payment in full of the compensation allowed by law to public officers (Hamilton v. Edmundson, 235 Ala. 97, 177 So. 743); and that this latter policy, coupled with the legislative policy demonstrated by the two sections of the code just discussed, outweighs the policy on which the principle of voluntary payment rests.

█ The principle denying recovery of money voluntarily paid under mistake of law is a "corollary" of the "maxim, born of necessity, that all men are conclusively presumed to know the law", without which "legal accountability could not be enforced, and judicial administration would be embarrassed at every step." Hemphill v. Moody, 64 Ala. 468, 473. Several considerations have been advanced in support of it. 21 R.C.L. 143; Town Council of Cahaba v. Burnett, supra. The principle has been so long a part of, and is so firmly imbedded in, the law of this state, that it should be applied except where the legislature has provided otherwise. That neither of these code sections provides otherwise in this case has already been demonstrated.

█ The public policy pertaining to a public officer receiving full compensation for his services is based not so much on giving protection to the official, as on guaranteeing efficient service by him to the public. Such is Hamilton v. Edmundson, supra, in which it was held that it is contrary to public policy for an official to bind himself by a contract which would operate to interfere with his receiving the full measure of compensation allowed by law, because such contract would have a tendency to impair his efficiency in the discharge of his duties. This policy does not relieve the officer from the consequences of his voluntary act in paying part of his compensation to the county, where, as here, he had received the full compensation to which he was entitled and disposed of it after it had vested in him. At the time of the payment it was his individual property and the law deals with his act as it would with that of any other person. The first count was subject to the demurrer interposed.

The judgment of the circuit court was right and should be affirmed. It is so ordered.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., dissent for the reasons stated in the dissenting opinion of present Mr. Chief Justice GARDNER in a former appeal and found reported in the case styled Rice v. Tuscaloosa County, 240 Ala. 4, 198 So. 245, and adopt said dissenting opinion as an expression of their view on this appeal.