45 So.2d 691

**DEAL v. TUSCALOOSA COUNTY et al.**

6 Div. 747.

Supreme Court of Alabama.

April 13, 1950.

524

LeMaistre & Clement, of Tuscaloosa, for appellant.

Ward & Ward and Tom B. Ward and Tom B. Ward, Jr., of Tuscaloosa, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Tuscaloosa County, in equity, sustaining demurrer to a bill seeking a declaratory judgment. The bill was filed by Mrs. Minnie E. Deal, as executrix of the last will and testament of S. E. Deal, deceased, against Tuscaloosa County, Chester Walker, as Probate Judge and as ex officio custodian of the Tuscaloosa County funds and chairman of the Tuscaloosa County Board of Revenue, and against John Taylor, John D. Leland, and Pat N. Lancaster, members of the Tuscaloosa County Board of Revenue. By amendment filed August 14, 1947, it was made to appear that the respondents John Taylor, John D. Leland, and Pat N. Lancaster were succeeded in office by John Walker, Herman Boyd and C. J. Lindsey, who are made parties respondent by the said amendment.

The case made by the bill as amended may be thus summarized:

S. E. Deal, the appellant's testate, was tax collector of Tuscaloosa County for a number of years, including the period of time beginning October 1, 1935, and ending May 19, 1936, during which time the method of his compensation was what is commonly referred to as a fee system.

By §§ 161 and 161-A of the General Revenue Act of 1935, General Acts 1935, pp. 256, 336–337, approved July 10, 1935, the legislature attempted to limit the compensation of all tax collectors in the state to $5400 annually for the term beginning October 1, 1935. § 161-A, supra, required that all earnings of the office in excess of the stated amount and of certain fixed allowances for office expenses be paid by the tax collector to the county treasurer and by him covered into the general fund of the county.

In compliance with the terms of §§ 161 and 161-A of the 1935 General Revenue Act, supra, Mr. S. E. Deal, on or after May 19, 1936, paid over to the "Probate Judge of Tuscaloosa County as Custodian of the County Funds the sum of $4450.15, which represents the excess of fees collected over $5400.00, between October 1, 1935, and May 19, 1936, the limit placed upon

his compensation by the provisions of said Sections 161 and 161-A of the aforementioned Act * * *" The amended bill further avers: "Petitioner states to the Court that the sum of forty-four hundred fifty and 15/100 dollars ($4450.15) which the said S. E. Deal paid over to the Probate Judge of Tuscaloosa County was paid under a mistake of law, but the same was not paid voluntarily but was paid by the said S. E. Deal under protest, and the Petitioner further avers that said protest was communicated by the said S. E. Deal, or his agent, at the time of payment to the Probate Judge of Tuscaloosa County, Alabama and to the members of the Board of Revenue of said County."

The bill further avers: "* * * that said moneys were taken by the Probate Judge of Tuscaloosa County, Alabama, in his capacity as custodian of the funds of Tuscaloosa County, when he knew, or should have known, that the same belonged to the said S. E. Deal; that having taken such moneys into his possession he held them in trust for the said S. E. Deal and is therefore liable to account to the petitioner for said moneys."

S. E. Deal died on July 15, 1937. On May 15, 1939, Mrs. S. E. Deal, the executrix of the last will and testament of S. E. Deal, filed a claim with the Tuscaloosa County Board of Revenue, itemized and sworn to as provided by § 225 of the 1923 Code of Alabama, § 115, Title 12, Code 1940. This claim was disallowed and denied by the Tuscaloosa County Board of Revenue.

It is averred that §§ 161 and 161-A, General Revenue Act of 1935, supra, were unconstitutional. It is also averred that the claim which "the said S. E. Deal had against Tuscaloosa County may be such an equitable claim as the Tuscaloosa County Board of Revenue under the provisions of Section 186 of the Code of Alabama of 1923 [§ 110, Title 12, Code 1940] may appropriate funds to pay."

The bill prays: "That a declaratory decree be rendered to determine and define the rights of the petitioner in this cause; to determine whether the petitioner is en-

titled to recover from the respondent the moneys paid by S. E. Deal to the respondent under the provisions of Sections 161 and 161-A of the General Revenue Act of Alabama of 1935 and that the Court will define the rights of the petitioner in this matter." There is a prayer for general relief.

■ · The view which we take of this case makes it unnecessary for us to pass on the question as to whether or not §§ 161 and 161-A of the General Revenue Act of 1935, supra, were unconstitutional. Even if it be conceded that said sections of the General Revenue Act of 1935 were unconstitutional, we are of the opinion that the trial court correctly sustained the demurrer of the respondents in view of the decisions of this court in the following cases: Rice v. Tuscaloosa County, 240 Ala. 4, 198 So. 245; Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497. While the bill in this case does not show definitely the date on which S. E. Deal paid the monies here involved to the custodian of the funds of Tuscaloosa County, it does affirmatively appear from the averments of the bill that such payment was made prior to July 15, 1937, the date on which Mr. Deal died. The complainant or petitioner, as executrix of the last will and testament of S. E. Deal, deceased, did not file her claim for said monies with the Tuscaloosa County Board of Revenue until May 15, 1939. So, even if it be assumed that the payment by S. E. Deal was made on July 15, 1937, then a period of nearly two years had elapsed before the claim was filed against the county.

Section 228 of the Code of Alabama of 1923 § 118, Title 12, Code 1940, reads as follows: "All claims against counties must be presented for allowance within twelve months after the time they accrue, or become payable, or the same are barred, unless it be a claim due to a minor, or to a lunatic, who may present such claim within twelve months after the removal of such disability."

In the Rice cases, supra, it appears that this court in the case of Houston County Board of Revenue v. Poyner, 236 Ala. 384, 182 So. 455, held unconstitutional §§ 370-A and 370-B of the 1935 General Revenue Act, supra, which sections purported to limit the amount of compensation of the probate judges of the state, other than those on salaries, by requiring that they pay into the county treasury all receipts of their office over and above a stated amount and certain fixed allowances for office expenses. Prior to the decision of this court in the case of Houston County Board of Revenue v. Poyner, supra, Judge Fleetwood Rice, the probate judge of Tuscaloosa County, complied with the requirements of §§ 370-A and 370-B of the General Revenue Act of 1935 by paying into the treasury of Tuscaloosa County the approximate sum of $7,000, representing the earnings of the office over and above compensation to appellant in the amount of $6,000 and office expenses.

After the decision of this court in the case of Houston County Board of Revenue v. Poyner, Judge Rice presented his claim to the county for a refund of the excess earnings which he had paid to it, on the theory that his compensation had been limited by the sections of the 1935 General Revenue Act last above alluded to. Upon the disallowance of his claim, appellant filed suit against the county. In that suit the circuit court sustained a demurrer to the complaint and because of that adverse ruling, appellant took a nonsuit and appealed. On appeal the judgment of the circuit court was affirmed by a divided court, the majority holding that appellant's claim against the county accrued on the date he paid the money to it, and, no claim having been presented to the county within twelve months after that date, the claim was barred by § 228 of the 1923 Code of Alabama, and also that the money having been paid voluntarily, with knowledge of all the facts, could not be recovered. Rice v. Tuscaloosa County, 240 Ala. 4, 198 So. 245.

Thereafter, Judge Rice brought another suit against Tuscaloosa County to recover the same moneys which he sought to recover in the first suit. The circuit court again sustained demurrer to the complaint, which demurrer raised the questions decided in the first action and the further point that the action was barred by the judgment in

the first action. From a judgment of non-suit, Judge Rice appealed.

The action of the circuit court sustaining the demurrer to the complaint was again sustained by a divided court. Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497.

We pretermitted any consideration of the point that the action was barred by the judgment in the first action on the ground that that question was not necessary to a decision in the case.

In so far as the provisions of § 228, Title 12, § 118, Code 1940, were concerned, the contentions of the parties were as follows: The county contended that the true date on which the Judge Rice's claim accrued or became payable was the date on which the money was paid to the county. Judge Rice contended that his claim accrued on the date on which this court declared §§ 370-A and 370-B of the General Revenue Act of 1935, supra, to be invalid in the case of Houston County Board of Revenue v. Poyner, supra.

We held that Judge Rice's claim accrued and became payable on the day he paid the money to the county.

█ It appears, therefore, that any claim which S. E. Deal had against Tuscaloosa County accrued on the date he paid the money into the county treasury. More than twelve months elapsed before any claim was filed. Consequently such claim was barred by the express terms of § 228, Title 12, § 118, Code 1940. The fact that the bill in the instant case alleges that the money was paid into the county treasury by Mr. Deal under protest does not in any wise affect the situation. Whether the money was paid under protest or not, it was mandatory that the provisions of § 228, Title 12, § 118, supra, be complied with.

█ The only other question upon which a declaration was sought was whether or not the claim which the executrix of the last will and testament of S. E. Deal, deceased, has against the county may be allowed under the provisions of § 186 of the 1923 Code of Alabama, now § 110, Title

12, Code 1940. This question was answered in the negative in Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497. § 186, Code 1923, read as follows: "The court of county commissioners, board of revenue, or other governing body of any county may appropriate from the general or special funds of the county, such sums of money as such governing body shall determine from time to time for the following purposes: First, To reimburse any person, firm or corporation, who in good faith has performed service, advanced money, or property for the use of the county, or who has in good faith bought county warrants issued under invalid acts of the legislature for tick eradication or for building public roads. Second, To refund to any person, firm or corporation, money, or compensate him or it for services rendered or money or property advanced and devoted to the use of the county, in procuring funds for carrying on road improvement, tick eradication, or any lawful public work, where, after the advancement of such money, or property, or the rendition of such service, it was declared by decision of the supreme court, or by the decision of the attorney-general that the county was without authority to pay such claims, on account of a defect in any law or any other reason."

It was said in the second Rice case, supra: "Section 186 is not a mandate to the county governing body; on the other hand, it confers a discretionary authority to make payment of certain equitable and moral claims against a county. Escamble County v. Dixie Chemical Products Co., 229 Ala. 287, 156 So. 631. *Its field of operation ceased when the board of revenue denied appellant's claim.*" (Emphasis supplied) 242 Ala. 68, 4 So.2d 501.

Counsel for appellant in brief filed in her behalf question the soundness of the opinions of the majority in the Rice cases, supra. The fact that practically the same questions were considered in both of those cases and that there was sharp disagreement among the members of the court evidences the difficulty of the questions presented. However, all the questions were carefully considered and we do not feel that

the holdings in those cases should be disturbed now.

■ We are aware of the fact that generally speaking a petitioner in a declaratory judgment proceeding is entitled to have a declaration as to his rights, irrespective of whether such declaration should be in his favor or not. However, we are of the opinion that in view of the similarity of the questions presented in this case with those considered and decided in the Rice cases, supra, that the trial court should not be reversed for sustaining the demurrer interposed by the respondents.

The decree appealed from is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.